SHAKER HEIGHTS CITY SCHOOL DISTRICT
BOARD OF EDUCATION, Appellant,

v.

CLOUD et al., Appellees.

[Cite as *Shaker Hts. City School Dist. Bd. of Edn.
v. Cloud* (2000), 137 Ohio App.3d 284.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75910.

Decided April 11, 2000.

*Squire, Sanders & Dempsey, L.L.P., David J. Millstone* and *Brian T. Robinson,* for appellant.

*Elliott R. Kelley,* for appellees.

O'Donnell, Presiding Judge.

The Shaker Heights Board of Education appeals from a decision of the common pleas court that dismissed for lack of subject matter jurisdiction its complaint for declaratory judgment and fraud filed against Brenda and Phillip Cloud and Margaret McDonald, in connection with enrollment of the alleged nonresident Cloud children in the Shaker Heights schools.

In November 1994, Shaker Heights questioned whether the Clouds lived within the school district. In response to the school board's inquiry, Brenda Cloud presented health insurance and renters' insurance documents bearing the address

of 14701 South Woodland Avenue, an address within the geographical boundaries of the Shaker Heights School District. Based on the information Brenda Cloud provided, the Shaker Heights Board of Education permitted the Cloud children to continue to attend the Shaker Heights schools.

On January 24, 1996, Lisa Payne Jones, the registrar for Shaker Heights, confirmed in writing that the Cloud children would be allowed to attend Shaker Heights based on a purchase agreement Cloud submitted for a house located at 3210 East 140th Street in the Shaker Heights School District.

Thereafter, on February 21, 1997, the Clouds received notification from the Shaker Heights School District that their children Phillip, Brenda, and John would be withdrawn from the Boulevard Elementary School and their daughter Grace would be withdrawn from the Shaker Heights Middle School because the district did not believe the Clouds resided within the school district.

The Clouds then requested a determination of residency by Dr. John Goff, the state Superintendent of Public Instruction. Holly Coen Miller, a consultant for the Ohio Department of Education, conducted a hearing on April 10, 1997, where the Clouds provided the following information to prove Brenda's place of residence within the Shaker Heights school district: a voter registration card dated January 1997, a letter from Ameritech addressed to Brenda Cloud, a notarized statement from her landlord, Margaret McDonald, that she paid rent and utility bills, a letter postmarked January 15, 1997 addressed to Brenda Cloud from a neighbor requesting donations for the March of Dimes, correspondence from MCI dated February 23, 1996, and a postcard addressed to Brenda Cloud, all designating her residence as 3210 East 140th Street.

Shaker Heights presented information from Jones and the school investigator, Isaac Smith, who inspected the residence at 3210 East 140th Street and found a completely furnished five-bedroom house, but noticed adult clothing in the children's bedroom, heard Cloud's son ask when they were going home, and noted that he did not know the location of his mother's bedroom. Smith also interviewed two neighborhood families with school-age children, and neither family knew the Cloud children. In a five-page opinion summarizing his findings, Dr. Goff concluded that the Clouds provided sufficient documentation to establish Brenda Cloud's residence and that she could not be held liable for the payment of tuition to the Shaker Heights School District.

In June 1997, Brenda Cloud moved to 1085 East 98th Street, a residence outside the Shaker Heights school system, but continued to have her children attend the Shaker Heights schools.

On February 26, 1998, the school district filed this declaratory judgment and fraud action, seeking a declaration that the Clouds owed the Shaker Heights

School Board tuition for the children and educational costs. In their answer to the complaint, the Clouds judicially admitted that Brenda lived within the Cleveland School District but had sent her children to Shaker Heights schools. In her deposition, taken during the discovery phase of this lawsuit, Brenda Cloud further admitted that she had been living at 1085 East 98th Street for eight months while her children attended the Shaker Heights schools.

On December 22, 1998, the court issued *sua sponte* an order dismissing the complaint filed by Shaker Heights for lack of subject matter jurisdiction pursuant to R.C. 3313.64. Shaker Heights now appeals from that dismissal and raises two assignments of error for our review, which we will consider together. They state:

## I

"The trial court erred in dismissing plaintiff's complaint, as the trial court had lawful jurisdiction to consider appellant's declaratory judgment action."

## II

"The trial court abused its discretion by dismissing plaintiff's fraud action without identifying any conclusion of law or finding of fact requiring dismissal."

Shaker Heights contends that the court erred when it dismissed the action because R.C. 3327.06 vests the court with jurisdiction to consider school board tuition cases and fraud is a matter within the jurisdiction of the common pleas court. The appellees failed to file a brief in this court, and, therefore, we now must consider whether the trial court properly dismissed this complaint for lack of subject matter jurisdiction.

In dismissing the case, the court cited R.C. 3313.64, which concerns residency for purposes of public school attendance and tuition. It states:

"(J) In the event of a disagreement, the superintendent of public instruction shall determine the school district in which the parent resides."

The trial court obviously believed that the legislature delegated authority to resolve residency disputes to the state superintendent. While we do not disagree with that interpretation of the code, we recognize that this case concerns fraud and collection of money for tuition, not determination of residency, because Brenda Cloud has judicially admitted her residence for the eight-month period at issue in this case.

The record before us contains a five-page report prepared by Dr. John Goff, the Ohio Superintendent of Public Instruction, in which he determined Brenda Cloud to be a resident of Shaker Heights for the period before his determination and did not find her liable for tuition for that period.

■ The allegations of the fraud complaint relate to allegedly false and fraudulent documentation and affidavits that induced Dr. Goff to determine residency as he did. Allegations of fraud are within the jurisdiction of the common pleas court of this state. The other allegation in this complaint concerns the residency of Brenda Cloud after Dr. Goff's decision. Shaker Heights asserts in its complaint, and Brenda and Phillip Cloud judicially admitted in paragraph five of their answer, that she resided at 1085 East 98th Street, Cleveland, Ohio, which is within the geographical boundaries of the Cleveland School District. Based on these admissions, the superintendent does not have to determine residency for this eight-month period, because that matter is not contested. However, as suggested by Judge Dowd in *Kenton City School Dist. Bd. of Edn. v. Day* (1986), 30 Ohio Misc.2d 25, 28, 30 OBR 289, 291–292, 506 N.E.2d 1239, 1242:

"[I]t is possible for an individual to have more than one residence but one cannot establish a residence merely by purchasing a house or apartment building or even by furnishing such a house or apartment so that it is suitable for the owner's use. 'Residence' involves something more. It must be a place where important family activity takes place during significant parts of each day; a place where the family eats, sleeps, works, relaxes, plays. It must be a place, in short, which can be called 'home.' "

Also, as Judge Crawford stated in *Oakwood City School Dist. Bd. of Edn. v. Dille* (1959), 109 Ohio App. 344, 349, 11 O.O.2d 139, 142, 165 N.E.2d 807, 811:

"School attendance is mandatory in Ohio, and there is a corresponding powerful public policy that free attendance at an appropriate public school shall be available to every child of school age. Such is the primary purpose of Section 3313.64, Revised Code. That statute must, therefore, be liberally construed to the accomplishment of its intended purpose."

R.C. 3327.06(B) states:

"When the board of education of a * * * school district admits to the schools of its district any pupil who is not entitled to be admitted to the district's schools * * * for whose attendance tuition is not an obligation of the board of another district of this state, such board shall collect tuition for the attendance of such pupil from the parents or guardian of the pupil * * *."

Accordingly, we conclude that the trial court is vested with jurisdiction to consider the claim regarding whether a fraud has been perpetrated upon the Superintendent of Public Instruction and to further consider, in accordance with R.C. 3327.06, the allegations that the Clouds owed tuition for the eight-month period that Brenda Cloud admittedly resided outside the Shaker Heights School District. Therefore, the judgment of dismissal entered by the trial court is

reversed, and this matter is remanded to the court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY and MICHAEL J. CORRIGAN, JJ., concur.