I agree with Harmon that the Dayton City Charter requirement that he be an "actual resident" of, and that he "physically live" in, the city includes no requirement that either of these attributes be exclusive, or even primary. In other words, I agree that a Dayton employee, consistently with this Charter provision, might be an "actual resident" of, or "physically live" in, more than one community, which would be impossible if either requirement were either exclusive or primary. One cannot primarily be an actual resident of more than one community; nor can one physically live primarily in more than one community.
Harmon relies upon our earlier decision in his case, as law of the case, in which we found the decision of this court in Oakwood v. Dille (1959), 109 Ohio App. 344, allowing for the possibility of multiple residences, to be applicable to Harmon's case:
 The definition of "actual resident" applied in Dille mirrors the definition of "actual residents" and "physically live" that we adopt today in reference to Dayton's residence rule.
Harmon v. City of Dayton (July 26, 1996), Montgomery App. No. 15555, unreported.
However, just as Harmon may properly rely upon our earlier decision in his case, so, too, is he bound by that decision. When we adopted the definition of "actual resident" in Dille, supra, as being applicable in Harmon's case, we also adopted the following component of that definition:
 He [Dille] was physically present and living there as a householder during significant parts of each day and for important purposes consistent with residence.
Dille, supra, at 348, quoted in Harmon, supra, at 9.
As I understand the record in Harmon's case, conflicting though the evidence may have been, the conclusion appears inescapable that there were many days when Harmon was not physically present and living at his Dayton residence during significant parts of the day and for important purposes consistent with residence. Accordingly, based upon the interpretation of the Dayton Charter residency requirement adopted by our previous decision in this case, I concur in the overruling of Harmon's first and third assignments of error.
I also concur in the overruling of Harmon's second assignment of error, for all of the reasons set forth in Judge Wolff's opinion for this court. Accordingly, I concur in the judgment.