OPINION
{¶ 1} Plaintiff-appellant, the Forest Hills Local School District Board of Education ("the Board"), appeals a decision of the Clermont County Court of Common Pleas dismissing for lack of subject matter jurisdiction the Board's complaint for fraud filed against defendants-appellees, James and Linda Huegel, in connection with the enrollment of the Huegel children in the Forest Hills School District.
 {¶ 2} In 1993, the Huegels purchased property at 8698 Forest Pine Drive in Cincinnati, Ohio. At the time of the purchase and until it was transferred in its entirety to the Forest Hills School District in May 2000, the property was located in both Hamilton and Clermont Counties and in both Forest Hills and West Clermont School Districts. Specifically, the Huegels' house was located in the West Clermont School District whereas the driveway and part of the landscape were located in the Forest Hills School District. The Huegels' daughter was enrolled in and attended school in the Forest Hills School District from 1993 to 2000; their son was enrolled in and attended school in the Forest Hills School District from 1995 to 2000.
 {¶ 3} In 1999, the Board discovered that the Huegels' property was located predominantly in the West Clermont School District. Concluding that the Huegel children should have been enrolled in that school district and not in the Forest Hills School District, the Board subsequently informed the Huegels that their children would no longer be allowed to attend school in the Forest Hills School District. Following a meeting, the parties entered into a written agreement in August 1999. Pursuant to the agreement, the Board allowed the Huegel children to enroll in the Forest Hills School District for the 1999-2000 school year. In return, the Huegels agreed to file a petition to transfer their property to the Forest Hills School District. The Huegels also agreed to pay $8,104.02 in tuition for their children for the 1999-2000 school year. The agreement provided that "[i]f the transfer of the Huegel's real estate into the Forest Hills Local School District is approved * * *, the tuition paid by Huegel to the Board * * * will be returned to him. If the transfer of the property * * * into the Forest Hills Local School District is not approved, then in that event the tuition will be retained by the Board * * * and James and Jessica will no longer be permitted to be enrolled in the Forest Hills Local School District."
 {¶ 4} In October 2000, the Board filed a complaint alleging that from 1993 to 1999 the Huegels had fraudulently enrolled their children in the Forest Hills School District without paying the statutory tuition amounts while being residents of the West Clermont School District. The Board sought to collect $35,485.38 in tuition for the 1993-1999 school years minus the $8,395.02 tuition paid by the Huegels for the 1999-2000 school year and retained by the Board (or a net tuition balance of $27,090.36). In their answer to the complaint, the Huegels denied that they were West Clermont School District residents for school purposes during the 1993-1999 school years.
 {¶ 5} In April 2001, the Huegels moved for summary judgment on the grounds that (1) because their property was located in both the Forest Hills and West Clermont School Districts, they were entitled to send their children to either school district tuition free, and (2) equitable estoppel barred the Board's belated claim for tuition. The Board filed a memorandum contra and moved for summary judgment. The Board argued that while the Huegels' property was within both school districts, the home in which the Huegels resided was located entirely within the West Clermont School District. As a result, the Huegel children were not entitled to attend school in the Forest Hills School District tuition free for the 1993-1999 school years. In August 2001, the Huegels moved for summary judgment on their breach of contract counterclaim. The Huegels sought reimbursement of the $8,395.02 in tuition they paid for the 1999-2000 school year pursuant to the parties' agreement.
 {¶ 6} By decision and entry filed June 20, 2002, the trial court dismissed the Board's fraud and tuition claims for lack of subject matter jurisdiction. The trial court found that because the superintendent of public instruction had not been called upon to determine the school district in which the Huegels resided at the times relevant to the Board's claims, as required under R.C. 3313.64(J), the court did not have jurisdiction to hear the Board's claims. Nevertheless, the trial court also found that "[w]ere it not for the lack of subject matter jurisdiction," it would have granted summary judgment in favor of the Board with regard to the Board's tuition claim and the Huegels' equitable estoppel defense. Finally, the trial court granted summary judgment in favor of the Huegels on their breach of contract claim. This appeal follows in which the Board raises three assignments of error.
 {¶ 7} In its first assignment of error, the Board argues that the trial court erred by finding it did not have subject matter jurisdiction pursuant to R.C. 3313.64(J). That statutory provision provides that "[i]n the event of a disagreement, the superintendent of public instruction shall determine the school district in which the parent resides." The Board asserts that since both parties agree that the Huegels' house was located entirely in the West Clermont School District, there is no dispute about residency to be decided by the superintendent of public instruction. Rather, "[w]hat is in dispute is whether owning property in two separate school districts, where the home is located solely on one parcel, constitutes residency for the purpose of entitling a student to attend school in either school district." The Board contends that R.C.3327.06, which governs collection of tuition, vests the trial court with jurisdiction to consider school board tuition cases and determine what constitutes residency, and that fraud is a matter within the trial court's general subject matter jurisdiction.
 {¶ 8} "[T]he rule is firmly established that the Court of Common Pleas is a court of general jurisdiction and, as such, possesses the authority initially to determine its own jurisdiction over both the person and the subject matter in an action before it, subject to the right of appeal[.]" State ex rel. Zakany v. Avellone (1979), 58 Ohio St.2d 25,26. "Lack of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings." Pollack v. Watts (1999),134 Ohio App.3d 560, 565, citing Fox v. Eaton Corp. (1976),48 Ohio St.2d 236; Civ.R. 12(H)(3).
 {¶ 9} R.C. 3313.64(J) clearly delegates authority to resolve residency disputes to the state superintendent of public instruction. In the case at bar, while it is undisputed that the Huegels' house is located within the West Clermont School District, it is also undisputed that part of the Huegels' real estate property on which the house sits is located within the Forest Hills School District. In Shaker Hts. CitySchool Dist. Bd. of Edn. v. Cloud (2000), 137 Ohio App.3d 284, the school district and the Clouds were involved in a dispute regarding whether the Clouds actually resided at a particular residence within the school district or resided at a different residence located in another school district. Concluding that the Cloud children attended Shaker Heights schools even though they lived in another school district, the Shaker Heights School District filed a declaratory judgment and fraud action seeking a declaration that the Clouds owed the Shaker Heights School District tuition for the children. In their answer to the complaint, the Clouds judicially admitted that Mrs. Cloud lived within the Cleveland School District but had sent the children to Shaker Heights schools.
 {¶ 10} The trial court sua sponte dismissed the school district's complaint for lack of subject matter jurisdiction pursuant to R.C.3313.64(J). The Eighth Appellate District reversed the decision, stating that the trial court had jurisdiction. The court of appeals found that there was no residency dispute as the Clouds had judicially admitted they did not live in the Shaker Heights School District during the time in question. The court found that "[b]ased on these admissions, the superintendent does not have to determine residency for this eight-month period, because that matter is not contested." Id. at 287-288.
 {¶ 11} In the case at bar, contrary to the Board's assertions, the issue of the Huegels' residency is very much contested. The Huegels have repeatedly and consistently (1) denied they were not residents of Forest Hills School District for school purposes, and (2) disputed the Board's unilateral conclusion they were solely residents of West Clermont School District for school purposes. Instead, the Huegels have repeatedly and consistently argued that they were residents of both school districts and therefore entitled to send their children in either district tuition free. Because there is clearly a dispute as to which school district the Huegels reside in for school purposes, R.C. 3313.64(J) applies. The trial court therefore properly found it lacked subject matter jurisdiction to consider the Board's fraud and tuition claims.[1]
The Board's first assignment of error is overruled.
 {¶ 12} In its second assignment of error, the Board asserts that "the trial court correctly ruled, in its secondary opinion, that the Board was entitled to judgment against the Huegels" with regard to its tuition claim. It is axiomatic that this assignment of error fails to "assert precisely the matter in which the trial court is alleged to have erred" in violation of Loc.R. 11(B)(3). Further, and more importantly, because the trial court dismissed the Board's tuition and fraud claims on jurisdictional grounds, the trial court's consideration of these claims clearly amounted to an advisory opinion[2] which should not be relied upon as being the final judgment of the trial court. See Gerijo, Inc. v. Fairfield (Dec. 1, 1991), Butler App. No. CA91-02-029. Rather, since the trial court's ruling on the Board's claims was strictly advisory, the Board's claims are not yet resolved. See State v. Riley, Butler App. No. CA2001-04-095, 2001-Ohio-8618. The Board's second assignment of error is therefore overruled as moot.
 {¶ 13} In its third assignment of error, the Board argues that the trial court erred by granting summary judgment in favor of the Huegels on their breach of contract claim. The Board contends that there is a disagreement between the parties as to what was intended by the execution of the agreement. On one hand, the Huegels believed the agreement resolved the issues of the tuition owed for the 1993-1999 school years. On the other hand, it is the Board's position that the agreement did not address the 1993-1999 school years, did not waive the Board's right to collect tuition for those years, and did not prohibit the Board from applying the tuition paid by the Huegels for the 1999-2000 school year to past due obligations.
 {¶ 14} Civ.R. 56(C) provides in part that summary judgment shall be rendered where there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v Liberty Lobby, Inc. (1986), 477 U.S. 242, 247-248, 106 S.Ct. 2505
(emphasis sic). A genuine issue of material fact exists when the relevant factual allegations in the pleadings, affidavits, depositions, or interrogatories are in conflict. Duke v. Sanymetal Prod. Co., Inc. (1972),31 Ohio App.2d 78, 81.
 {¶ 15} An appellate court's standard of review on appeal from a summary judgment is de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. An appellate court reviews a trial court's disposition of a summary judgment independently and without deference to the trial court's judgment. Id. In reviewing a summary judgment disposition, an appellate court applies the same standard as that applied by the trial court. Midwest Ford, Inc. v. C.T. Taylor Co. (1997),118 Ohio App.3d 798, 800.
 {¶ 16} The parties entered into an agreement in August 1999. Pursuant to the agreement, the Board allowed the Huegel children to enroll in the Forest Hills School District for the 1999-2000 school year. In return, the Huegels agreed to file a petition to transfer their property to the Forest Hills School District. The Huegels also agreed to pay $8,104.02 in tuition for their children for the 1999-2000 school year. The agreement provided that "[i]f the transfer of the Huegel's real estate into the Forest Hills Local School District is approved * * *, the tuition paid by Huegel to the Board * * * will be returned to him. If the transfer of the property * * * into the Forest Hills Local School District is not approved, then in that event the tuition will be retained by the Board * * * and James and Jessica will no longer be permitted to be enrolled in the Forest Hills Local School District." The agreement also provided that "[t]his Agreement shall be for the 1999-2000 school year only."
 {¶ 17} It is undisputed that the Huegels paid the Forest Hills School District $8,395.02 in tuition for their children to attend school in the Forest Hills School District for the 1999-2000 school year. It is undisputed that following their petition, the Huegels' property was formally transferred into the Forest Hills School District in May 2000. It is undisputed that the Board has failed and refused to return the $8,395.02 in tuition paid by the Huegels for the 1999-2000 school year. By its very terms, the agreement only applies for the 1999-2000 school year. In addition, as the trial court found, the Board's fraud and tuition claims for the 1993-1999 school years and the Huegels' breach of contract claim are two separate causes of action. In light of all of the foregoing, we find that no genuine issues of material fact exist as to the Huegels' breach of contract claim. As a result, summary judgment in favor of the Huegels was proper. The Board's third assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Because lack of subject matter jurisdiction can be raised sua sponte by a trial court at any stage of the proceedings and because the trial court never had subject matter jurisdiction over the Board's fraud and tuition claims, we decline to address the Board's argument that the Huegels' failure to raise the affirmative defense of exhaustion of administrative remedies in their motion for summary judgment constitutes a waiver of that defense. Likewise, we decline to address the Board's argument that submitting the residency issue to the state superintendent falls into the "vain act" exception to the exhaustion of administrative remedies. We agree that the state superintendent has no power to grant the relief sought by the Board, that is, the payment of tuition. However, R.C. 3313.64(J) clearly requires that a residency dispute for school purposes be determined by the state superintendent. Until the state superintendent so decides, the trial court has no subject matter jurisdiction. Under those circumstances, the Board's failure to call upon the state superintendent to make a determination is not excused by the "vain act" doctrine. See McNea v. Cleveland (1992),78 Ohio App.3d 123.
[2] "[I]t is the duty of every judicial tribunal to decide actual controversies between parties * * * and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." Fortner v. Thomas (1970), 22 Ohio St.2d 13,14.