LOCAL MARKETING CORP., Appellee and Cross–Appellant,

v.

PRUDENTIAL INSURANCE CO. OF AMERICA, Appellant and Cross–Appellee.

[Cite as *Local Marketing Corp. v. Prudential Ins. Co.*, 159 Ohio App.3d 410, 2004-Ohio-7001.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–040163 and C–040183.

Decided Dec. 23, 2004.

William H. Blessing, for appellee and cross-appellant.

Taft, Stettinius & Hollister, L.L.P., and Eric K. Combs, for appellant and cross-appellee.

MARK P. PAINTER, Judge.

{¶ 1} All involved in this case agree that they put the wrong number in a lease. And they agree that if they had known the correct number, they would have used that one instead. But one party now appeals, claiming that this mistake was not a mutual one. It is no surprise that its appeal fails. We affirm that part of the judgment concerning the contractual liabilities of the parties. But in the cross-appeal, we reverse in part because the trial court should have awarded both parties prejudgment interest.

{¶ 2} The facts of this case are simple and undisputed. In February 1998, Local Marketing Corporation ("LMC") and Prudential Insurance Company of America ("Prudential") agreed to an amended lease of commercial office property located in downtown Cincinnati. Paragraph four of the lease stated, "*Base Rentable Area.* From and after the Effective Date, the Net Rentable Area in the

Leased Premises, as described in Section 1 of the Original Lease, shall be stipulated for all purposes to be approximately *5,845* square feet."

{¶ 3} The meaning of this paragraph is the sole basis of the parties' appeal and cross-appeal.

{¶ 4} Three years after executing the lease and occupying the premises, LMC conducted an audit of the property that concluded the premises had 487 fewer square feet than what had been stated in the lease and that the rentable square footage had 452 fewer square feet than what had been reported. The square footage of the property was important because that figure determined the parties' financial obligations. Under the lease, LMC's rent and operating expenses were determined, in part, by the rentable square footage of the leased property, and Prudential was required to contribute, also based on the square footage, to paying the costs of LMC's build-out work.

{¶ 5} After discovering the discrepancy, LMC sued, alleging breach of contract, fraud, and mutual mistake. Prudential moved for summary judgment, which the trial court denied. At a bench trial, the court found in favor of LMC on its contract claims. After LMC had presented its case, Prudential moved for and was granted a directed verdict on LMC's fraud claim. The trial court granted judgment to LMC for the overpaid rent, and judgment to Prudential for the difference in build-out payments, but did not award prejudgment interest to either party. Prudential now challenges the trial court's denial of its summary-judgment motion and the judgment in favor of LMC. And LMC cross-appeals on the trial court's denial of prejudgment interest.

## I. *A Textbook Case of Mutual Mistake*

{¶ 6} Prudential's first assignment of error concerns the trial court's denial of its motion for summary judgment. Any error the trial court made in denying Prudential's motion for summary judgment was "rendered moot or harmless where evidence at a subsequent trial on the same issues demonstrate[d] that there were genuine issues of material fact and that evidence supported a judgment for the party opposing summary judgment."[1] Since evidence at the subsequent trial on the same issues demonstrated that there were genuine issues of material fact, obviously there was evidence to support a judgment for the nonmoving party. We therefore overrule Prudential's first assignment.

{¶ 7} Prudential's second assignment asserts that the trial court's judgment in favor of LMC on its claim of mutual mistake was against the manifest weight of the evidence. A trial court's decision in a civil case will not be

---

1. *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 156, 642 N.E.2d 615.

reversed on manifest-weight grounds "if it is supported by some competent, credible evidence."[2]  At trial, testimony by a management services director (the person who negotiated the lease for Prudential) established that had Prudential known that the 5,845 figure was wrong at the time the contract was formed, it would have changed the figure to the correct number.  This testimony reinforced the view that the provision in dispute had been intended by both parties to provide a figure for rentable square footage that was reasonably accurate.  LMC presented similar testimony from its witnesses.

{¶ 8} Even without this testimony, the clear, plain, and unambiguous language of the contract reflected the parties' intent to have a factually accurate figure for the actual rentable square footage of the leased property.  In reviewing the language of a contract, we must be mindful that our overriding goal is to give effect to the parties' intentions, which are presumed to reside in the plain language of the contract.[3]  Also, a contract must be construed in its entirety and in a manner that does not leave any phrase meaningless or surplusage.[4]

{¶ 9} Prudential argues that the phrase "stipulated for all purposes" renders paragraph four of the lease immune from any challenge on the basis of mutual mistake.  According to Prudential's theory, the parties' intent in using this stipulation was to agree to a random number, regardless of its accuracy, and to bind themselves to that number for purposes of calculating all their financial obligations.

{¶ 10} But the remaining language of the clause demonstrates otherwise.  The contract does not say that the parties stipulated that the suites covered 5,845 square feet, but "approximately 5,845" square feet.  The word "approximate" means "almost exact or correct."[5]  And Prudential suggests that to "stipulate" merely means "to accept a proposition without requiring that it be established by proof."

{¶ 11} That the parties may have been willing to accept a figure without proof does not establish that the parties had no interest whatsoever in the actual truth of the matter, and the use of "approximate" demonstrated the clear intent of the parties to use a value related to the true number of rentable square feet.  To rule in favor of Prudential would require this court to ignore the term "approximate" as surplusage and to give an extraordinary meaning to the term "stipulate."

2.  *In re Adoption of Kuhlmann* (1994), 99 Ohio App.3d 44, 649 N.E.2d 1279.

3.  *Pool v. Insignia Residential Group* (1999), 136 Ohio App.3d 266, 736 N.E.2d 507.

4.  *Dartron Corp. v. Uniroyal Chem. Co.* (N.D.Ohio 1996), 917 F.Supp. 1173.

5.  The American Heritage Dictionary of the English Language (3d Ed.1992) 91.

{¶ 12} Neither party disputes that had it known the actual square footage, it would have put the correct number in the lease. A more clear case of mutual mistake would be hard to find. We therefore overrule Prudential's second assignment.

## II. Prejudgment Interest

{¶ 13} We now turn to LMC's sole assignment of error in its cross-appeal, which concerns the trial court's denial of prejudgment interest.

{¶ 14} R.C. 1343.03(A) governs the award of prejudgment interest in Ohio. The relevant portion of the statute states, "[W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest * * *."

{¶ 15} In determining whether to award prejudgment interest, a court must consider whether the aggrieved party has been fully compensated.[6] And money that is directly due and payable under a contract (or a judgment on a contract) is an appropriate basis for awarding prejudgment interest.[7] The trial court does not have discretion in awarding prejudgment interest in such a case.[8]

{¶ 16} This prejudgment interest is in contrast to the type of prejudgment interest that is awarded for tortious conduct, which is outlined by R.C. 1343.03(C). That section requires that the trial court determine whether the party required to pay the money failed to make a good faith effort to settle the case and whether the party owed the money did not fail to make such an effort. This requires factual determinations by the inquiry trial court and appellate review would proceed under an abuse-of-discretion standard.[9] But, in this case, because no such factual determinations were necessary under R.C. 1343.03(A), we need only determine whether the trial court properly applied the law.

{¶ 17} The judgment here arose out of a mutual mistake in a contract. Prudential argues that R.C. 1343.03(A) does not apply because the money was not "due and owing" under the contract. It contends that the money was due only by

6. See *Royal Elec. Constr. Corp. v. Ohio St. Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687.

7. *J. Richard Industries, LP v. Stanley Machining, Inc.*, 6th Dist. No. L–03–1024, 2004-Ohio-3804, 2004 WL 1595196.

8. See *Slack v. Cropper* (2001), 143 Ohio App.3d 74, 757 N.E.2d 404; *J. Richard Industries, LP v. Stanley Machining, Inc.*, 6th Dist. No. L–03–1024, 2004-Ohio-3804, 2004 WL 1595196.

9. See *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572.

operation of law. But Prudential ignores the statutory language that says that interest is appropriate under a judgment arising out of a contract. And neither party in this case has been fully compensated.

{¶ 18} The trial court entered judgment for both LMC and Prudential based on the correct square footage. LMC received the overpayments it had made, and Prudential received a correction on its tenant-improvement payments. Both parties should have been granted prejudgment interest.

{¶ 19} In general, contractual interest accrues from the time money should have been paid.[10] And in order to make the aggrieved party whole, the party must be compensated for the period of time between the accrual of the claim and the entry of judgment.[11] The accrual of the claim here occurred with each overpayment that LMC and Prudential made for their respective obligations under the lease. The interest should therefore be calculated on a monthly basis—that is, LMC made its payments on a monthly basis, and interest should accrue for each month's payment, not for the amount owed as a whole. The same is true for the interest owed to Prudential.

{¶ 20} Prejudgment interest is proper, and it should accrue from the time of the payments (rather than from the time that LMC sued).

{¶ 21} Prudential argues that LMC should not be allowed to profit by the delay in bringing its claim. But prejudgment interest is not a matter of profit—it is a matter of making the parties whole.

{¶ 22} We sustain LMC's cross-assignment of error.

{¶ 23} We therefore affirm the trial court's judgment on the contractual liability of the parties. But we reverse the trial court's denial of prejudgment interest and remand this case for a proper calculation of prejudgment interest for both parties.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

HILDEBRANDT, P.J., and GORMAN, J., concur.

---

10. See *Star Bank N.A. v. Cirrocumulus Ltd. Partnership* (1997), 121 Ohio App.3d 731, 700 N.E.2d 918.

11. *J. Richard Industries, LP v. Stanley Machining, Inc.*, 6th Dist. No. L–03–1024, 2004-Ohio-3804, 2004 WL 1595196.