JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant, Majestic Properties, Inc., appeals the judgment of the Hamilton County Municipal Court denying its motion for attorney fees.
Majestic and plaintiff-appellee, Residential Warranty Corporation, entered into a contract under which Residential agreed to issue warranties on condominium units that Majestic offered for sale. The contract provided, "Should legal action arise between the parties involving this Agreement, the substantially prevailing party shall be reimbursed for reasonable attorney and expert witness fees by the other party."
In 2003, Residential filed an action against Majestic to recover expenses that Residential had allegedly incurred in honoring the warranties. Majestic filed a counterclaim for damage to its reputation.
After a bench trial, the trial court found in favor of Majestic on Residential's claim and in favor of Residential on Majestic's counterclaim. Majestic then filed a motion for attorney fees. The court conducted a hearing on attorney fees and denied Majestic's motion on the basis that it had not substantially prevailed in the action.
In a single assignment of error, Majestic now argues that the trial court erred in refusing to award attorney fees.
A successful litigant may recover attorney fees where the award is provided for in an enforceable contract.[1] In the review of contractual language, the overriding goal of a court is to give effect to the parties' intentions, which are presumed to be reflected in the plain language of the contract.[2] Where a contract is clear and unambiguous, its interpretation is a matter of law, and an appellate court's review is de novo.[3]
In the case at bar, we agree that the trial court erred in refusing to award attorney fees. In the action brought by Residential to enforce the contract, the verdict was entirely in Majestic's favor; Residential recovered nothing. Under any reasonable interpretation of the term, Majestic was the substantially prevailing party.
In denying attorney fees, the trial court emphasized that although Majestic had prevailed, it did not do so by "a large degree." But we find no basis in the contractual language for requiring, as a condition for awarding attorney fees, that a party prevail by any greater measure than it was required to prevail at trial. Simply put, because the result in the case at bar was a defense verdict, the defendant substantially prevailed.
We also find no merit in Residential's assertion that because it prevailed on Majestic's counterclaim, Majestic cannot be deemed the substantially prevailing party. Residential initiated the proceedings that caused Majestic to incur attorney fees, and Majestic was successful in defending Residential's claim. The fact that Majestic was unable to prevail on a claim that its reputation had been damaged did not vitiate its right to attorney fees under the contract.
The assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with the foregoing and the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] Westfield Companies v. O.K.L. Can Line, 155 Ohio App.3d 747,2003-Ohio-7151, 804 N.E.2d 45, at ¶ 28, jurisdictional motion overruled, 102 Ohio St.3d 1459, 2004-Ohio-2569, 809 N.E.2d 33.
[2] Local Mktg. Corp. v. Prudential Ins. Co. of America, 1st Dist. Nos. C-040163 and C-040183, 2004-Ohio-7001, at ¶ 8.
[3] Kelly Dewatering Constr. Co. v. R.E. Holland Excavating,Inc., 1st Dist. No. C-030019, 2003-Ohio-5670, at ¶ 21.