JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Elaine McClellan appeals the assessment of damages against her based on future rent under R.C. 1310.74(A)(2). We affirm.
The underlying facts of this case are largely irrelevant to this appeal. They are similar to the facts that we have addressed in the long line of cases involving the plaintiff-appellee, Information Leasing Corporation ("ILC").[1] ILC had purchased automated teller machines ("ATMs") from a vendor, Credit Card Center ("CCC"). ILC then leased the ATMs to small businesses. McClellan owned one of these small businesses, and she signed an ironclad lease with a "hell or high water clause" that made the lease noncancelable. CCC had promised that it would service the ATMs and pay the small businesses a commission. But CCC went bankrupt and the small businesses no longer wanted the ATMs without CCC's services. So ILC was forced to take the ATMs back, and it later resold them at auction.
ILC then sued the small businesses, including McClellan, seeking damages for breach of contract. After we held that the ironclad lease would hold,[2] all that was left to resolve was the issue of damages. The trial court referred this case to a magistrate, who held a hearing and found that McClellan owed ILC $11,809.51. The magistrate based this figure in part on R.C. 1310.74(A), which states that the lessor is owed the expectancy of future rents only above what the lessor would have made if it could have re-rented the ATM at the market rate.[3] The trial court then adopted the magistrate's report over McClellan's objections. On appeal, McClellan assigns as error only that the trial court erred as a matter of law when it awarded ILC damages, because ILC had failed to establish a market rental value.
The calculation of damages due to a lessor in situations like these is governed by R.C. 1310.74(A)(2): the lessor is due "[t]he present value as of the date determined under division (A)(1) of this section of the total rent for the then remaining lease term of the original lease agreement minus the present value as of the same date of the market rent at the place where the goods are located computed for the same lease term[.]"
McClellan states that ILC had the burden of establishing the price at which it could have re-rented the ATM. She is correct.[4] But McClellan mistakenly asserts that we should review this case de novo, arguing that the issue is purely legal: which party had the burden of proof regarding damages? This is simply not the case. ILC had the burden of proof — neither the magistrate nor the trial court ruled otherwise.
ILC argues that we should employ an abuse-of-discretion standard because this case involves a trial court's adoption of a magistrate's decision.[5] But we need not even get that far before recognizing that the trial court got it right.
The only question properly before us is whether the trial court's judgment was supported by sufficient evidence, or whether the judgment was against the manifest weight of the evidence. And we will not reverse a civil judgment that is supported by competent, credible evidence.[6]
At the damages hearing, ILC presented an expert witness who testified that she knew of no market for re-leasing equipment at public auctions. She also testified that companies were often unwilling to buy used equipment because "vendors do not want to pick up a warranty contract or service contract with someone on a used machine[.]" It is reasonable to infer that vendors would also not want to re-lease the equipment for similar reasons. McClellan did not offer any witnesses to rebut this testimony. The magistrate relied on the expert testimony in finding that the ATM could not be re-leased to anyone in its used condition. The magistrate then found that the present value of the market rent was negligible, and that the repossessed ATM had zero future rents. The magistrate further stated that ILC had acted reasonably when it minimized its damages by subtracting the ATM's auction price form the total amount of damages.
McClellan argues that the magistrate's statement that no "testimony was brought to the court that the ATM was able to be re-leased" meant that the magistrate placed the burden on McClellan. But this statement came after a discussion of a hypothetical car lease, and we do not believe that it placed any burden on McClellan to prove a lack of damages. It merely pointed out that McClellan had failed to rebut ILC's expert testimony.
McClellan further argues that there was no testimony about the rental market for ATMs in California, where McClellan's business was located. But ILC's expert was testifying about the market as a whole, and she specifically said that she was not aware of any market for leasing used equipment at public auction. She further testified that she was familiar with ATM leasing throughout the country and that there were no local difference or nuances. On redirect, the expert was asked, "Is there any reason to believe that — to believe that in your experience that there are any differences or nuances in the sale or lease of ATM equipment going on in New Jersey versus Cincinnati versus New York versus California?" Her response was no. And this was just enough.
The expert's testimony amounted to competent, credible evidence supporting the damage award. We therefore overrule McClellan's sole assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] See, e.g., Information Leasing Corp. v. Chambers,152 Ohio App.3d 715, 2003-Ohio-2670, 789 N.E.2d 1155; InformationLeasing Corp. v. Pall, 156 Ohio App.3d 378, 2004-Ohio-1014,806 N.E.2d 178; Information Leasing Corp. v. USA Forms, 1st Dist. Nos. C-030308 and C-030332, 2003-Ohio-6920; Information Leasing Corp. v.Borda, 1st Dist. Nos. C-020725 and C-020750, 2003-Ohio-4834.
[2] See id.
[3] See R.C. 1310.74(A)(2); Information Leasing Corp. v. USA Forms, 1st Dist. Nos. C-030308 and C-030332, 2003-Ohio-6920.
[4] See id. at ¶ 12.
[5] See, e.g., Wade v. Wade (1996), 113 Ohio App.3d 414,680 N.E.2d 1305.
[6] See, e.g., Local Marketing Corp. v. Prudential Ins. Co. ofAmerica, 1st Dist. Nos. C-040163 and C-040183, 2004-Ohio-7001, citing Inre Adoption of Kuhlmann (1994), 99 Ohio App.3d 44, 649 N.E.2d 1279.