OPINION
{¶ 1} Appellants, James and Linda Huegel, owned real estate part of which was located in the West Clermont Local School District and part of which was located in the Forest Hills Local School District during school years beginning in 1993 through 1999. *Page 2 
Appellants sent one or both of their two children to schools in the Forest Hills Local School District during those school years. In October of 2000, appellee, the Forest Hills Local School District Board of Education, commenced litigation to collect tuition from appellants, arguing that the children were not authorized to attend the school. The Clermont County Court of Common Pleas ruled that it did not have subject matter jurisdiction in the case because, under R.C. 3313.64(K),[1] the Superintendent of Public Instruction of the Ohio Department of Education ("Superintendent") is authorized to resolve residency disputes. On June 30, 2003, this court affirmed the trial court's decision. See ForestHills Local School Dist. Bd. of Edn. v. Huegel, Clermont App. No. CA2002-07-050, 2003-Ohio-3444.
 {¶ 2} On July 31, 2003, the residency dispute was submitted to the Superintendent, who issued a decision on June 20, 2005, that appellants' children were not authorized to attend Forest Hills Local School District prior to the school year commencing in 2000. Appellee thereafter demanded tuition payment for school years beginning in 1993 through 1999. When the demand was unanswered, appellee filed suit in the Clermont County Court of Common Pleas requesting a money judgment in its favor. Appellants argued in the trial court that the action was barred by the statute of limitations as provided in R.C. 2305.07. In addition, appellants argued that R.C. 3327.06, a statutory provision regarding collection of tuition, provided the exclusive remedy for the claim and that appellee could not recover because its requested remedy was not provided by the statute. The trial court ruled against appellants on both of these arguments, granting summary judgment in favor of appellee for the unpaid tuition. The trial court denied appellee's request for prejudgment interest. This appeal follows, in which appellants raise two assignments of error, and appellee raises one assignment of error on cross-appeal.
 {¶ 3} Appellants' first assignment of error states: *Page 3 
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS/CROSS-APPELLEES BY FAILING TO DISMISS THE COMPLAINT AS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS."
 {¶ 5} The parties appear to agree that the statute of limitations applicable to this action is set forth in R.C. 2305.07, which states in relevant part: "an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture penalty, shall be brought within six years after the cause thereof accrued." The trial court determined that the cause of action accrued when the Superintendent issued her June 20, 2005 opinion that appellants were not residents of the Forest Hills Local School District during school years commencing from 1993 to 1999. Appellants argue that the cause of action accrued at some point in 1999 or prior thereto. A determination of when a cause of action accrues is a matter of law, which we review de novo. Nationwide Mutual Fire Insurance Co. v. GumanBrothers Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214.
 {¶ 6} In the preceding litigation, this court determined that the trial court lacked subject matter jurisdiction to issue an opinion on tuition liability until the Superintendent entered a decision determining whether appellants were residents of the school district. Our decision set forth a condition precedent to the proper exercise of the trial court's jurisdiction. While case law on the issue is not abundant, it is clear that under Ohio law, a right of action does not accrue until the conditions precedent to the claim are satisfied. See, e.g., Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, 634. The Ohio Supreme Court has explicitly acknowledged a public policy interest in preventing the extinguishment of a litigant's right of action before it arises. Id. Appellants have presented no argument as to why such a rule should not apply in this case, and we fail to see one. The condition precedent was satisfied when the Superintendent rendered her decision on June 20, 2005, and that is when *Page 4 
appellee's right of action accrued. The trial court's decision finding that the statute of limitations began to run when the Superintendent rendered her decision is affirmed.
 {¶ 7} Appellants' second assignment of error states:
 {¶ 8} "THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER THE TUITION ISSUE WHERE THE SUPERINTENDENT OF PUBLIC INSTRUCTION HAD MADE A FINDING OF UNAUTHORIZED ATTENDANCE."
 {¶ 9} Appellants' novel argument is that R.C. 3327.06(C) provides the exclusive statutory remedy for the state on its claim for tuition, and that, as such, the trial court lacked subject matter jurisdiction to hear appellee's claims. Appellants claim that R.C. 3327.06(C), which states that attendance is deemed to be "unauthorized attendance" if the school district fails to collect tuition for the attendance of a non-resident pupil, provides an "exclusive and explicitly stated statutory remedy for situations where a school district fails to collect tuition[,]" in that the statute defines such tuition as "unauthorized attendance." Far from being a remedy for the school district, the designation of the attendance as unauthorized operates to prevent the school district from including the subject pupil in the district's calculation of average daily membership. R.C. 3317.03(H). This is not a remedy for the school district but rather a remedial effort by the state to credit attendance to the pupil's proper school district. Thus, appellants' argument does not follow.
 {¶ 10} Appellants state in their briefs that "Title 33 of the Ohio Revised Code provides no remedy or recourse establishing any legal right or cause of action a board of education may utilize to collect tuition subsequent to a determination by the superintendent of public instruction that a pupil's attendance was unauthorized." Appellants' conclusion is that, in the absence of such an explicitly stated remedy, appellee "is without legal basis to collect tuition[.]" Having determined that R.C. 3327.06(C) does not constitute a remedy, we agree *Page 5 
with appellants' contention that Title 33 of the Revised Code provides no remedy or recourse. However, we disagree with appellants' assertion that the statute does not establish a right of action or that it renders appellee without legal basis to collect tuition. The statute does establish a right of action in that it states that a board of education is required to collect tuition for nonresident pupils. With respect to the collection of the tuition, the statute neither provides any statutory remedies, nor forecloses any. Courts have historically acknowledged a school board's right to maintain an action for collection of tuition. See, generally, Board of Ed. of City School Dist. of City ofOakwood v. Dille (1959), 109 Ohio App. 344. There is no indication whatsoever that the General Assembly intended to foreclose such actions. At least one other court of appeals in Ohio has determined that a trial court is vested with jurisdiction to hear claims under circumstances substantially similar to the facts of this case. See Shaker Hts. CitySchool Dist. Bd. of Edn. v. Cloud (2000), 137 Ohio App.3d 284, 289. Therefore, we find that the trial court did not lack subject matter jurisdiction and appellants' second assignment of error is overruled.
 {¶ 11} Appellee's cross-assignment of error states:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE BOARD BY FAILING TO AWARD THE BOARD PREJUDGMENT INTEREST."
 {¶ 13} R.C. 1343.03(A) provides, in relevant part:
 {¶ 14} "[W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code[.]" *Page 6 
 {¶ 15} Appellee requested an award of prejudgment interest from the trial court pursuant to this provision. The trial court denied the request, finding that appellee was not entitled to prejudgment interest because "the action arose by operation of law and was not based upon an instrument of writing, verbal contract, or judgment," citing N. Olmstedv. Eliza Jennings, Inc. (1993), 91 Ohio App.3d 173, 177. The trial court found that the statutory provision was inapplicable to this case and that, as a result, appellee was not entitled to prejudgment interest. Appellee argues that it is entitled to an award of prejudgment interest under the provision under multiple theories.
 {¶ 16} Appellant urges this court to apply an abuse of discretion standard in reviewing the trial court's decision regarding prejudgment interest, citing In the Matter of Estate of Lilley, Warren App. Nos. CA2005-08-091 and CA2005-08-095, 2006-Ohio-5510. In that case, this court cited Dunbar v. Dunbar, 68 Ohio St.3d 369, 370, 1994-Ohio-509, in support of that proposition. However, Dunbar dealt with a trial court's determination as to whether parties had made a good faith attempt to settle under R.C. 1343.03(C), a determination which is clearly within the sound discretion of the trial court. See, e.g., Kalain v. Smith
(1986), 25 Ohio St.3d 157, 159. In the case at bar, however, we must determine whether money became "due and payable upon any bill" or upon a "verbal contract entered into," or upon a "judgment * * * of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction." If one of these conditions exists, the trial court does not have discretion in awarding prejudgment interest.Local Marketing Corp. v. Prudential Ins. Co., 159 Ohio App.3d 410,2004-Ohio-7001, ¶ 15. Because the trial court was required to make no factual determinations to render its decision on this issue, we are only required to determine whether it properly applied the law. Id. at ¶ 16. As such, our review is de novo.
 {¶ 17} Appellee presents several alternative arguments as to why it should be *Page 7 
awarded prejudgment interest. Appellee first argues that it is entitled to prejudgment interest because, following the Superintendent's decision, it made a demand for payment of tuition and that demand constituted a bill for purposes of R.C. 1343.03(A). The relevant language in the statute refers to money that becomes "due and payable upon any bond, bill, note, or other instrument of writing." The trial court found that appellee's right of action was not based upon any instrument of writing. A bill is defined as "an itemized list of charges[,]" Black's Law Dictionary (8th Ed.Rev.2004) 175, which would necessitate an instrument of writing. While a bill may have existed, evidence of one is not found in the record. We assume such evidence was not presented to the trial court in support of appellee's motion for prejudgment interest. This court's review must be limited to the evidence in the record. State v. Todd, Clermont App. No. CA2003-02-012,2003-Ohio-6786. In the absence of evidence of the existence of a bill or other instrument of writing, this court cannot find error in the trial court's decision.
 {¶ 18} Appellee also argues that this court should find that prejudgment interest is appropriate because the money became due and payable upon a bill arising out of a contract or other transaction. The statute mandates prejudgment interest only from the time that money is due and payable "upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into[,]" and upon certain judgments arising out of, among other things, contracts. Appellee argues that it was entitled to money damages under theories of contract law, making the prejudgment interest provisions applicable. The trial court found that this provision was not applicable because the dispute between the parties was not arising from a verbal contract or a judgment. We agree. Appellee's complaint asks for a judgment awarding money damages for an injury that arises by operation of law under R.C. 3327.06. Appellee did not pursue the claim as a contract action, and as such, the provision is not applicable. *Page 8 
 {¶ 19} Appellee's cross assignment of error is overruled and the decision of the trial court denying prejudgment interest is affirmed.
BRESSLER J., concurs.
POWELL, J., dissents.
[1] Under the statute as effective at the time the case 2 as decided, the applicable provision was R.C. 3313.64(J).