Hamilton, J.
The application for a rehearing and for modification of the judgment in this cause will be denied.
Counsel for plaintiff in error urges a modification of the judgment by the elimination of interest in the amount of $553.90, and in support of his position urges that interest is purely a creature of statute, and, there being no provision in the statutes of Ohio authorizing the charging of interest in a case of this sort, that to that extent the judgment is erroneous and should be modified.
While it has frequently been stated that interest is purely of statutory origin and not the creature of the common law, an examination of the authorities reveals that whatever the origin of interest may have been, and though interest may not be allowed eo nomine, there are many cases wherein the courts have allowed interest by way of damages; or where money claimed has actually' been used, or is improperly retained. A discussion of these questions and exceptions to the general rule, if such it may be called, is found in 15 Ruling Case Law, paragraph 4 et seq., and 22 Cyc., 1474 et seq.
The case of City of Cincinnati v. Whetstone, 47 Ohio St., 196, is authority for the proposition that interest may be allowed in cases not specifically one of those enumerated in the statutes. In that case, Whetstone was awarded compensation against the city on account of an improvement made under the change of an established grade, by which his property was damaged. The court held in the syllabus that he was entitled to interest on the amount of compensation awarded and that it was not error in *478 the court to so charge the jury. The court further says in the opinion at page 202:
“Indeed, it is evident from the general course of decision, that where one has lost his property, or the use of it, directly through the act of the defendant, the principle of adequate compensation will give interest as a necessary.incident.”
It has been held in this state that interest may be allowed in cases not enumerated in the statutes, as shown by the following authorities: Lawrence Rd. Co. v. Cobb, 35 Ohio St., 94; B. & O. Railroad Co. v. Schultz, 43 Ohio St., 270, and Hogg v. Zanesville Canal & Mfg. Co., 5 Ohio, 410.
Under the authority of the cases above cited interest may be allowed in cases not specifically enumerated in the statutes. Indeed it may be said to be within reason that the statutes do but limit the rate of interest in specific cases, and, further, were enacted to define and prevent usury, as expressed in the titles to the acts of the interest statutes passed by the legislature.
Interest not being limited in all instances to those cases specifically enumerated in the statute, we are of opinion that the case at bar is within that line of cases holding that interest may be allowed in order to render full compensation for the use and wrongful detention of money.
Plaintiff in error wrongfully refused on demand to pay the defendant in error the $1000 in question. It retained and used the money for years, and has kept the defendant out of his money by years of litigation, and its obvious duty is to put him in the position he would have occupied had not the money been taken and retained by it. In support of this *479 proposition we cite the following cases: Redfield, Exrx., v. Ystalyfera Iron Co., 110 U. S., 174, 176; McShane & Rodgers v. Howard Bank, 73 Md., 135, 159; Henderson Cotton Mfg. Co. v. Lowell Machine Shops, 86 Ky., 668, and Parrott v. Knickerbocker Ice Co., 46 N. Y., 361.
The amount was a sum certain and there could be no question as to the amount of interest, if any, allowable.
We are not unmindful of the holding in the case of Iron Railway Co. v. Lawrence Furnace Co., reported in 49 Ohio St., 102, where the court held no interest could be allowed on a penalty enforced against a railroad for overcharge of freight, and used language in the opinion .from which might be inferred that interest was purely statutory, but it will be noticed that the court fortified itself in its conclusion by saying “besides, no interest was claimed in the petition.”

Application for rehearing and modification of judgment denied.

Shoill, P. J., and Cushing, J., concur.