DESANTIS, APPELLEE, *v.* SMEDLEY; SCHWARTZ ET AL., APPELLANTS.

(No. 51337—Decided December 15, 1986.)

*Austin T. Klein, Avram L. Sacks* and *Dom Dottore,* for appellee.

*Kronenberg & Kronenberg* and *Jacob A.H. Kronenberg,* for appellants.

CORRIGAN, J. George J. DeSantis, Jr. filed this action to recover from Ronald T. Smedley, Small Meadows Corp., Inc., Linda Lauschin, Marvin S. Schwartz, Lewis & Fink, Inc., and Easter Hupertz, the sum of $15,000. Shortly before trial, Smedley, on his own behalf and on behalf of Small Meadows Corp., consented to entry of judgment against them along with interest from the date of judgment.

The case as to the rest of the defendants was tried before Judge George McMonagle. On November 15, 1985, the trial court's memorandum was filed. Judgment was entered against defendants Marvin Schwartz and Lewis & Fink, Inc. along with interest from October 5, 1981. Default judgment in the same amount was entered against Easter Hupertz. Schwartz and Lewis & Fink, Inc. appeal assigning the following errors for our review:

"I. The trial court erred in granting appellee judgment in this matter.

"II. The trial court erred in granting appellee pre-judgment interest in this matter."

Lewis & Fink, Inc., a broker of real estate and businesses, has a suite of offices in Cleveland, Ohio. Marvin Schwartz, an attorney, is its president. Linda Lauschin is the office secretary, an employee of Lewis & Fink, Inc. and Schwartz. Certain individuals who work part-time in Lewis & Fink's business use the extra offices in the suite. Ronald Smedley was one of these individuals, although not a licensed real estate salesman or broker.

Smedley worked with Schwartz in attempting to find purchasers for businesses listed with Lewis & Fink. He received a portion of the commission if he located such a purchaser. He occupied an office in the suite. Lauschin occasionally did work for others in the office.

On or about July 7, 1980, Denny's Restaurant, 4353 Northfield Road, was listed for sale by Lewis & Fink. A ten-percent commission would go to Lewis & Fink if it found a purchaser. Lewis & Fink carried an advertising account at the Plain Dealer. The following ad was placed in the paper:

"Investors wanted; for unique, high-volume restaurant, Randall Mall area. New format has great potential and requires additional investors. $15,000 minimum participation. Minority participation is welcome. Call 621-9250 for interview and information. Ask for Mr. Smedley."

The plaintiff responded to the ad and reached Smedley through the Lewis & Fink offices. The number listed was Lewis & Fink's.

He met Smedley at the restaurant several times and at the Lewis & Fink offices twice. While at the office, he spoke with Schwartz as well as Smedley.

On April 2, 1981, he turned over two checks totalling $15,000 payable to Small Meadows Corp. The checks were delivered at the Lewis & Fink offices and were examined and reviewed by Schwartz. A joint venture agreement was signed by the plaintiff and Lauschin as secretary of Small Meadows Corp. It was witnessed by Schwartz.

Lauschin opened an account with the checks in the name of Small Meadows Corp. with herself, Easter Hupertz and Frances Fallner authorized to draw checks.

The money was to be used to purchase the restaurant. The money was not used for that purpose. Rather, all of the funds were withdrawn primarily by checks signed by Easter Hupertz, Smedley's mother.

Schwartz claimed to have no knowledge of the ultimate disposition of the funds nor of Lauschin's involvement, even though one of Hupertz's checks was made out to Lewis & Fink. Small Meadows Corp. was non-existent at the time the agreement was signed. It was not incorporated until after the agreement was entered into. The trial court returned a verdict for the plaintiff which included interest from October 5, 1981, the date upon which the Small Meadows' bid was rejected and the money should have been refunded. The defendants, Marvin Schwartz and Lewis & Fink, Inc., appeal.

I

In their first assignment, the appellants contend that the trial court's finding for the appellee is against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 10 OBR 408, 461 N.E. 2d 1273; *C.E. Morris Co.* v.

*Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578.

Fraud requires proof of the following elements: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Cohen* v. *Lamko, Inc.* (1984), 10 Ohio St. 3d 167, 169, 10 OBR 500, 502, 462 N.E. 2d 407, 409; *Friedland* v. *Lipman* (1980), 68 Ohio App. 2d 255, 22 O.O. 3d 422, 429 N.E. 2d 456.

The appellants contend that the trial court's conclusion that Schwartz and Lewis & Fink failed to disclose pertinent facts was unsupported by the evidence. The trial court determined that Smedley's independent status and the fact that Schwartz and Lewis & Fink were not parties to the agreement were material facts. There was competent and credible evidence to support the trial court's conclusion. DeSantis stated that he had recognized the name Lewis & Fink as reputable in the real estate area. He also stated that Schwartz's previous experience in restaurant management and his belief that Schwartz was to be involved in the management of this restaurant were instrumental in his investment decision. This testimony provided a basis for finding such facts "material."

The appellants also contend that certain factual findings of the trial court were not sustained by the evidence. The trial court's finding that the appellants were estopped by their own conduct from denying responsibility to the plaintiff for the loss of his money is amply supported by the record and the trial court's factual findings.

First, the appellants argue that the trial court erred in finding that Lewis & Fink placed the ad. The trial court noted only that Lewis & Fink maintained an advertising account with the Plain Dealer and that that paper carried the ad to which the appellee responded. The trial court went no further in its findings and those two facts are supported by the evidence. The appellants also challenge the trial court's finding that Schwartz reviewed and examined the checks. While such a characterization is arguable given Schwartz's cursory review described in the record, that his approval was sought before the checks were accepted is undisputed.

The appellants also dispute the trial court's holding that Lewis & Fink and Schwartz acquiesced in Smedley's representation that he was a part of Lewis & Fink. This conclusion is also amply supported by the record. Smedley had use of Lewis & Fink's phones, offices and secretary. Members of Lewis & Fink signed the joint venture agreement on behalf of Small Meadows. Several meetings during the negotiation period and the actual consummation of the deal occurred in Lewis & Fink's offices. The appellee's checks were handed over to Schwartz for approval prior to acceptance. This conduct certainly contributed to the impression that Smedley was a member of the Lewis & Fink organization. Given the evidence, the trial court's conclusion that Lewis & Fink and Schwartz were estopped to deny their responsibility was well supported. See *Logsdon* v. *ABCO Constr. Co.* (1956), 103 Ohio App. 233, 3 O.O. 2d 289, 141 N.E. 2d 216.

Further the appellants argue that they received no benefit from the transaction. There is no requirement that a principal benefit from an agent's

fraudulent transaction before he may be held liable where he holds the agent out as his representative with authority to act for him. Finally, the appellants argue that DeSantis' own failure to reasonably investigate resulted in his losses, that they had no affirmative obligation to disclose, and that therefore they had no liability. However, Lewis & Fink's and Schwartz's liability arises out of *respondeat superior,* the agency relationship between Smedley and the appellants. See *Fulton* v. *Aszman* (1982), 4 Ohio App. 3d 64, 4 OBR 114, 446 N.E. 2d 803; *Logsdon* v. *ABCO Const. Co., supra.* Their acquiescence in Smedley's representations that he was their agent subjects them to liability for his actions. This assignment is overruled.

## II

In the second assignment, the appellants argue that the trial court erred in awarding pre-judgment interest without a post-judgment hearing pursuant to R.C. 1343.03(C). The appellants misconstrue the trial court's action. The trial court awarded interest from the date the money should have been refunded. The interest was in the nature of compensatory damages not a penalty. It is within the discretion of the trier of fact to include an element of interest within the damage award. *Lawrence RR. Co.* v. *Cobb* (1879), 35 Ohio St. 94; *Lane & Bodley Co.* v. *Day* (1921), 13 Ohio App. 476, 32 Ohio C.C. (N.S.) 72; *Phoenix Phase I Associates* v. *Ginsberg, Guren & Merritt* (1985), 23 Ohio App. 3d 1, 23 OBR 33, 490 N.E. 2d 634.

R.C. 1343.03(C) is inapplicable to the instant case. That section permits the imposition of pre-judgment interest as a penalty for failure to negotiate in good faith for purposes of settlement. That section does require a motion, a hearing and a determination of lack of good faith before imposing a pre-judgment penalty. However, that was not the course taken by the trial court here. An award of interest as a portion of compensatory damages was entirely proper here. The appellants' third assignment is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JACKSON, P.J., and PATTON, J., concur.