OPINION
{¶ 1} Plaintiff-appellant, Cugini and Capoccia Builders, Inc. ("appellant"), appeals from the judgment of the Franklin County Municipal Court, which denied appellant's motion for prejudgment interest based on a lack of jurisdiction. For the following reasons, we affirm.
 {¶ 2} The facts in this case are not in dispute. Appellant, a general contractor, hired defendant-appellee, Ciminello's, Inc. ("appellee"), as a landscaping subcontractor on a home construction project in October 1993. On August 16, 2001, appellant filed a complaint in the trial court, alleging that appellant had overpaid appellee by $11,660. Appellant sought damages in that amount, plus fees, interest, and costs. Appellant alleged claims of conversion and unjust enrichment.
 {¶ 3} On August 19, 2002, the trial court issued a judgment in favor of appellant and awarded appellant $2,265, plus postjudgment interest and costs.
 {¶ 4} Appellant appealed that judgment to this court. On April 24, 2003, this court issued an opinion that affirmed in part and reversed in part the trial court's decision. Cugini Capoccia Bldrs., Inc. v. Ciminello's, Inc., Franklin App. No. 02AP1-020, 2003-Ohio-2059. This court found that the trial court erred by admitting into evidence inadmissible hearsay, which was the only evidence supporting the trial court's finding that appellee was entitled to $3,750 for performing additional landscaping work. Accordingly, this court found that "the trial court erred by deducting $3,750 from its judgment for appellant." Id. at ¶ 21. The court concluded the opinion as follows:
For the foregoing reasons, we sustain each of appellant's assignments of error in part. The judgment of the Franklin County Municipal Court is affirmed in part and reversed in part, and this case is remanded to the trial court to enter judgment in favor of appellant in accordance with this opinion.
Id. at ¶ 23.
 {¶ 5} On June 27, 2003, following remand, the trial court entered judgment on behalf of appellant in the amount of $6,015, plus postjudgment interest and costs.
 {¶ 6} On July 9, 2003, appellant filed a motion for an award of prejudgment interest and a request for an oral hearing. Appellant sought interest from December 9, 1994 (the date appellee cashed the final payment check from appellant), through June 9, 2003. According to appellant, the amount of interest owed totaled $8,877.17. In its motion, appellant sought prejudgment interest under both common law and R.C. 1343.03(A).
 {¶ 7} In response, appellee argued that appellant's motion was untimely, as a motion for prejudgment interest under R.C.1343.03 must be filed within 14 days after judgment. Because appellant did not file its motion within 14 days of the trial court's August 19, 2002 judgment, according to appellee, appellant's motion under R.C. 1343.03 did not allow recovery. Appellee also argued that no award of prejudgment interest was appropriate anyway, because appellee had attempted to settle the matter before trial.
 {¶ 8} At a hearing before the court on October 14, 2003, appellant argued that it was not seeking prejudgment interest under R.C. 1343.03(C), which requires a moving party to show that the non-moving party did not make good-faith efforts to settle the matter. Rather, appellant argued that a right to prejudgment interest existed under Ohio common law. Appellee argued that R.C.1343.03(C) applied and precluded an award.
 {¶ 9} On November 12, 2003, the trial court issued a decision denying appellant's motion for prejudgment interest. The court found that it lost jurisdiction to decide prejudgment interest when appellant appealed from the August 19, 2002 judgment. The court did not cite to R.C. 1343.03(C), nor did the court state that its decision was based on principles of Ohio common law.
 {¶ 10} Appellant filed a timely appeal from the trial court's denial of its motion for prejudgment interest. However, on November 4, 2003, this court found that the trial court had never filed a judgment entry confirming its decision to deny appellant's motion for prejudgment interest. Therefore, this court dismissed appellant's appeal sua sponte.
 {¶ 11} On February 7, 2006, the trial court issued a final judgment entry, based on the court's November 4, 2003 decision denying appellant's motion for prejudgment interest for lack of jurisdiction.
 {¶ 12} Appellant filed a timely notice of appeal and raises a single assignment of error:
THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT IT DID NOT HAVE JURISDICTION OVER THE ISSUE OF PREJUDGMENT INTEREST.
 {¶ 13} In its assignment of error, appellant argues that the trial court had jurisdiction to consider its motion for prejudgment interest because the trial court's June 27, 2003 judgment of $6,015, following remand, was a new judgment upon which appellant could seek prejudgment interest. In response, appellee argues that the trial court lost jurisdiction to decide prejudgment interest when appellant appealed the trial court's August 19, 2002 judgment of $2,265 to this court. Whether the trial court had jurisdiction to hear appellant's motion for prejudgment interest is a question of law, and our review is de novo.
 {¶ 14} At the outset, we reiterate that appellant based its motion for prejudgment interest on R.C. 1343.03(A) and Ohio common law. Appellee argued that R.C. 1343.03(C) applied and precluded prejudgment interest. In denying appellant's motion, the trial court did not cite to R.C. 1343.03, nor did the court state that its November 4, 2003 decision was based on Ohio common law. We consider both R.C. 1343.03 and Ohio common law, and we begin with the statute.[1]
 {¶ 15} R.C. 1343.03(A) provides for the application and computation of interest on specific judgments, including judgments for the payment of money arising from tortious conduct. R.C. 1343.03(B) provides that, in general, only postjudgment interest will be awarded. R.C. 1343.03(C) provides a method by which prejudgment interest may be awarded in certain circumstances.
 {¶ 16} Former R.C. 1343.03(C) provided, in pertinent part:
Interest on a judgment * * * for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
Page's Ohio Revised Code Annot. (2001 Supp.).
 {¶ 17} While R.C. 1343.03(C) provides that a court may determine at a hearing "held subsequent to the verdict or decision in the action" that the parties did or did not make good-faith efforts to settle the case, that section does not provide the applicable time frame for filing the motion for such a hearing. Rather, in Cotterman v. Cleveland Elec. Illum. Co.
(1987), 34 Ohio St.3d 48, 50, the Ohio Supreme Court established 14 days as the applicable time frame, as follows:
* * * It therefore seems most reasonable, and we so hold, that a motion for prejudgment interest, pursuant to R.C. 1343.03(C), must, in accordance with the limits of other similar post-trial motions above, be made to the trial court following the verdict or decision in the case and in no event later than fourteen days beyond the entry of judgment. This will be the precise rule applicable in later cases.
 {¶ 18} As for the nature of the hearing required under R.C.1343.03(C), the hearing is "not one upon the issues tried but one upon matters which ordinarily would have occurred prior to trial. These matters would then be known and familiar to the parties as well as to the trial court." Cotterman at 50. While R.C.1343.03(C) is remedial in nature, "its application does not hinge upon, nor does it seek to redress, the underlying tort. Rather, it seeks to remedy the subsequent misconduct of the losing party who fails to make a good-faith effort to settle the case."Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, fn. 7.
 {¶ 19} The party requesting prejudgment interest has the burden of demonstrating that the other party failed to make a good-faith effort to settle the case. Broadstone v. Quillen,162 Ohio App.3d 632, 2005-Ohio-4278, at ¶ 27. In Kalain v.Smith (1986), 25 Ohio St.3d 157, syllabus, the Ohio Supreme Court held:
A party has not "failed to make a good faith effort to settle" under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
 {¶ 20} In Moskovitz v. Mt. Sinai Med. Ctr. (1994),69 Ohio St.3d 638, the Supreme Court reaffirmed these principles. The court also clarified that the last sentence ("[i]f a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer") "should be strictly construed so as to carry out the purposes of R.C. 1343.03(C)." Id. at 659.
 {¶ 21} A movant's subjective claims of lack of good faith are generally not sufficient to show a lack of good faith. Id. Rather, it is "incumbent" on a movant to present persuasive evidence of a settlement offer that was reasonable under the circumstances: "the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle." Id. A trial court also will consider responses or the lack of responses to an offer and/or a "demand substantiated by facts and figures." Id.
 {¶ 22} In this case, appellant moved for prejudgment interest beginning on December 9, 1994, the date appellee cashed the last payment check from appellant. Appellant neither attached nor presented in its motion any evidence of any kind concerning settlement offers or rejections. Rather, appellant argued that appellee's obligation to pay prejudgment interest arose from appellee's conversion of funds belonging to appellant. In response, appellee presented evidence that it had made good-faith efforts to settle the case and that appellant had made no effort to settle. In its reply, appellant argued that prejudgment interest based on conversion was a common-law remedy, which did not require appellant to present the good-faith evidence necessary under R.C. 1343.03(C).
 {¶ 23} At the October 14, 2003 hearing, appellant similarly argued that R.C. 1343.03(C) did not apply. Appellant's counsel stated to the court:
* * * We are not taking a position in this case that [appellee's] acts are in bad faith or they failed to negotiate in good faith; that's why we don't believe the section of that statute applies. * * * We agree there were no bad faith settlement negotiations in that case, so that is undisputed as far as the record in this case.
(Tr. at 3.)
 {¶ 24} Counsel went on to argue that appellant was entitled to prejudgment interest based on common law, which allows prejudgment interest on judgments arising from a claim of conversion. In any event, counsel argued, appellant's motion was timely because it was filed within 14 days following the June 27, 2003 judgment on remand. As noted, the trial court ultimately denied appellant's motion and did so without reference to R.C.1343.03(C).
 {¶ 25} Before this court, appellant cites briefly to R.C.1343.03(C) and Cotterman, but does not assert that its motion sought prejudgment interest under that provision. While appellee argues that appellant's motion is untimely under R.C. 1343.03(C), we find that this question of timeliness under R.C. 1343.03(C) is simply not before us. Appellant did not move for prejudgment interest under R.C. 1343.03(C), appellant argued before the trial court that R.C. 1343.03(C) did not apply because there was no dispute concerning appellee's good-faith efforts to settle, and the trial court's judgment does not refer to R.C. 1343.03(C). Thus, appellant clearly waived any arguments it might have had under R.C. 1343.03(C), and appellant makes no effort to assert them here. Therefore, we do not consider whether appellant's motion for prejudgment interest was timely under R.C. 1343.03(C).
 {¶ 26} We turn now to appellant's argument that Ohio common law entitles appellant to prejudgment interest on an award arising from a conversion. Appellee argues that no entitlement to prejudgment interest exists independently of R.C. 1343.03(C); in other words, if appellant cannot receive prejudgment interest under R.C. 1343.03(C), then appellant cannot receive prejudgment interest at all. We turn, once again, to R.C. 1343.03.
 {¶ 27} By its terms, R.C. 1343.03(D) creates an exception to R.C. 1343.03(C) in judgments in civil actions based on tortious conduct "if a different period for computing interest on it is specified by law[.]" In 2003, R.C. 1343.03(C) allowed prejudgment interest "from the date the cause of action accrued to the date on which the money is paid[.]" Page's Ohio Revised Code Annot. (2001 Supp.). The question, then, is whether Ohio common law specifies a different period for computing interest on an award arising from a conversion claim. We find that it does.
 {¶ 28} Although Ohio common law did not generally allow prejudgment interest in civil actions based on tortious conduct, an action in conversion was a well-established exception. Moorev. Univ. of Cincinnati Hosp. (1990), 67 Ohio App.3d 152, 154;Masterson v. Weaver, Morgan App. No. CA-05-014, 2006-Ohio-1069;Persky, Shapiro, Salim, Esper, Arnoff Nolfi Co., L.P.A. v.Guyuron (Dec. 14, 2000), Cuyahoga App. No. 77249. "Ohio courts have long recognized that the common law provides that interest in actions based upon the tortious conversion of personal property may run from the time of the conversion." GM GasExploration, Inc. v. McClain (Oct. 17, 1995), Athens App. No. 95CA1651. However, the precise date for the calculation of the interest remains in the sound discretion of the court. Wozniakv. Wozniak (1993), 90 Ohio App.3d 400, 412; Lyle v. Durham
(1984), 16 Ohio App.3d 1, 3; Oak Furniture Showroom, Inc. v.Normandy Pointe Assoc. (June 26, 1998), Montgomery App. No. 16816; In re: Guardianship of Cawein (Nov. 1, 1995), Hamilton App. No. C-940885; GM Gas Exploration; Call v. Banc Ohio Natl.Bank (Apr. 11, 1994), Crawford App. No. 3-93-21.
 {¶ 29} Thus, under common law, the period for computing interest on a conversion claim lies within the discretion of the court; in contrast, under R.C. 1343.03(C), the period runs from the date the cause of action accrued. Because Ohio common law specifies a period for computing interest on a conversion claim that is different from that provided in R.C. 1343.03(C), R.C.1343.03(D) excepts such a claim from the dictates of R.C.1343.03(C), and a common-law right to prejudgment interest exists independently from any right that may exist under R.C.1343.03(C). Wozniak; Persky; Oak Furniture; GM GasExploration.
 {¶ 30} "The primary, if not the sole, purpose of [R.C.1343.03(C)] is to encourage the settlement of lawsuits." PhoenixPhase I Associates v. Ginsberg, Guren Merritt (1985),23 Ohio App.3d 1, 5. In contrast, the purpose of an award of prejudgment interest under common-law principles is to award the person subject to the conversion full compensation for the loss. Thus, a trial court has authority to award prejudgment interest as part of a compensatory award. Masterson at ¶ 51 (finding that "the award of prejudgment interest on conversion claims is determined by the trier of fact to be necessary in the form of compensatory damages to make the plaintiff whole"); Intrater v.Vancauwenberghe (Dec. 6, 2001), Cuyahoga App. No. 78259 (affirming trial court's authority to award prejudgment interest as part of compensatory award, "not as a statutory penalty"); GMGas Exploration (affirming trial court's computation of interest); DeSantis v. Smedley (1986), 34 Ohio App.3d 218
(affirming award of prejudgment interest as portion of compensatory damages); Morris v. Pearl Street Auction Co.
(1939), 61 Ohio App. 452 (holding that the measure of damages in conversion is the market value of the thing converted as of the date of conversion, with interest from that date to the time of trial); Lane Bodley Co. v. Day (1921), 13 Ohio App. 476, syllabus ("[a]lthough not specifically mentioned in the statutes, interest may be allowed in rendering a judgment for the use of money wrongfully detained, or in order to give full compensation for such use and detention").
 {¶ 31} As applied here, we find that the trial court would have had the discretion to award prejudgment interest as an element of the compensatory damages awarded to appellant as a result of appellee's conversion of the money owed to appellant. We find, however, that the trial court had no jurisdiction to award such additional compensatory damages following this court's remand.
 {¶ 32} We agree with appellant that, in general, when an appellate court reverses a judgment and remands the cause for further proceedings, "the lower court is required to proceed from the point at which the error occurred." State ex rel. Stevensonv. Murray (1982), 69 Ohio St.2d 112, 113, citing Commrs. ofMontgomery Co. v. Carey (1853), 1 Ohio St. 463, paragraph one of the syllabus. However, when an appellate court remands a case for a limited purpose, "the trial court [is] obliged to accept all issues previously adjudicated as finally settled." Blackwell v.Internatl. Union, U.A.W. (1984), 21 Ohio App.3d 110, 112. See, also, Flynn v. Flynn, Franklin App. No. 03AP6-12,2004-Ohio-3881, at ¶ 16 ("[a] remand for `further proceedings' should not be interpreted as a remand for `further hearings' where no further hearings would have been required from the point of error forward"); Orrville Products, Inc. v. MPI, Inc. (June 9, 1994), Cuyahoga App. No. 65184 ("[o]n remand, a trial court must obey the mandate of the court of appeals[,] * * * [t]he order of remand restores the trial court with jurisdiction to carry out the directive of the court of appeals").
 {¶ 33} Here, this court found only that "the trial court erred by deducting $3,750 from its judgment for appellant."Cugini at ¶ 21. Accordingly, the court "sustain[ed] appellant's second assignment of error, but only to the extent that appellant is entitled to an additional $3,750." Id. at ¶ 22. This court's only directive to the trial court was to "enter judgment in favor of appellant in accordance with this opinion." Id. at ¶ 23. Thus, this court's opinion allowed only a damage award in the amount of $6,015; it did not allow for any new compensatory damages, including damages in the nature of prejudgment interest, to be added, nor did it provide for further proceedings to determine such an award. Any grant of additional compensatory damages would have exceeded the scope of the remand and, therefore, the trial court's jurisdiction. See, e.g., Polster v. Webb,160 Ohio App.3d 511, 2005-Ohio-1857, at ¶ 21-24 (applying doctrine of the law of the case to determine trial court exceeded scope of remand). Cf. Orrville Products (finding trial court did not exceed jurisdiction on remand). Thus, the court did not err in dismissing appellant's motion for lack of jurisdiction.
 {¶ 34} In any event, even if this court's limited remand had not foreclosed an award of prejudgment interest under common law, appellant's waiver of the issue would have. Count One of appellant's complaint alleged that appellee's conversion of the $11,660 caused appellant to suffer damages in the amount of $11,660, "accompanied by attorney fees and interest on said sum." In its prayer for relief, appellant sought "judgment against [appellee] in the amount of $11,660.00, accompanied by attorney fees, interest, and costs." The prayer for relief did not seek a specific award for prejudgment interest, nor did the remainder of appellant's complaint expressly seek prejudgment interest. This court has held that the failure to include prejudgment interest in the prayer for relief operates as a waiver of such a claim.Salvi v. Dunbar (Dec. 23, 1993), Franklin App. No. 93AP-1059; GS Mgmt. Co. v. Commercial Union Ins. Cos. (June 3, 1993), Franklin App. No. 92AP-1429.
 {¶ 35} Moreover, even if appellant's complaint were sufficient to raise prejudgment interest, there is no evidence in our record indicating that appellant raised the issue of prejudgment interest to the trial court at any other time prior to its July 2003 motion. Nor did appellant argue in its appeal to this court in 2002 that the trial court erred by not awarding prejudgment interest as part of appellant's damages. To confirm this last point, the following exchange occurred at the October 14, 2003 hearing:
THE COURT: * * * There was no appeal on the issue of whether or not the judgment awarded in that case with no prejudgment interest was in error. Am I correct; that was not an assignment of error in the case?
[APPELLANT'S COUNSEL]: It was not an assignment of error.
(Tr. at 5.)
 {¶ 36} By not raising the issue of prejudgment interest to the trial court before or immediately after the August 19, 2002 judgment or assigning as error on appeal the trial court's failure to include prejudgment interest as part of the damage award, appellant waived its common-law claim for prejudgment interest. See Hiatt v. Giles, Darke App. No. 1662,2005-Ohio-6536, at ¶ 45 (finding that damaged party's "failure ever to bring the issue of prejudgment interest to the trial court's attention is fatal to their argument that the trial court erred in not awarding it"); Cheliotis v. Gould (Dec. 20, 1995), Montgomery App. No. 15281 (holding that appellant waived issue of prejudgment interest by not raising it in initial appeal).
 {¶ 37} We acknowledge appellant's argument that it was not seeking prejudgment interest on the August 19, 2002 award of $2,265; rather, it was seeking prejudgment interest on the June 27, 2003 award of $6,015. We find, however, that such an argument misconstrues the purpose of an award of prejudgment interest at common law, i.e., to make the plaintiff whole. As we have noted, under common law, in a conversion action, prejudgment interest is an element of the compensatory damages awarded to a prevailing plaintiff. Appellant offers no reason for not raising prejudgment interest before or immediately after the August 2002 judgment, other than to argue that it believed it was entitled to the full $11,660. But, in order to make a common-law claim for prejudgment interest, appellant knew, by at least August 2002, all it needed to know — the date of the conversion. By failing to raise it, appellant waived the issue.
 {¶ 38} For all of these reasons, we overrule appellant's assignment of error. Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Klatt, P.J., and Travis, J., concur.
[1] Throughout this opinion, where the statutory language has changed since the trial court's November 2003 ruling, we construe the statutory language only as it existed at that time.