INTEGRATED PAYMENT SYSTEMS, INC., Appellee,

v.

A & M 87TH, INC., et al., Appellants.

[Cite as *Integrated Payment Sys., Inc. v. A & M 87th, Inc.*, 191 Ohio App.3d 559, 2010-Ohio-5785.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94454.

Decided Nov. 24, 2010.

McDonald Hopkins, L.L.C., Jerome W. Cook, Glenn D. Southworth, and Erin K. Walsh, for appellee.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellant.

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} Defendant-appellant, A & M, Inc., d.b.a. A & M Citgo, a.k.a. A & M 87th, Inc. ("Burton Citgo"), appeals from the trial court's judgment denying its motion for an order discharging an attachment of assets and imposing damages. We reverse and remand.

I

{¶ 2} In November 2002, plaintiff-appellee, Integrated Payment Systems ("IPS") filed a complaint for recovery of money against Burton Citgo and other defendants who owned and operated two gas stations. IPS alleged that the defendants issued Western Union money orders for personal or corporate purposes but did not pay Western Union as obligated. IPS asserted claims for breach of contract, breach of fiduciary duty, and conversion.

{¶ 3} When it filed its complaint, IPS also moved for an order of attachment without notice of hearing against the defendants, which the trial court granted. In compliance with the attachment order, Huntington Bank attached funds totaling $59,524.77 from three of Burton Citgo's noninterest bearing accounts.

{¶ 4} After a bench trial, the trial court entered judgment against all defendants; it subsequently also awarded attorney fees and expenses to IPS.

{¶ 5} This court affirmed the trial court's judgment in part and reversed it in part. *Integrated Payment Sys., Inc. v. A & M 87th, Inc.*, 8th Dist. Nos. 91454 and 91473, 2009-Ohio-2715, 2009 WL 1623168. Specifically, this court ruled that

the trial court should have granted Burton Citgo's motion for directed verdict. This court found that Burton Citgo had never been contractually bound to IPS, and thus all of IPS's claims against the station were without merit. The judgment against the remaining defendants was affirmed.

{¶ 6} IPS appealed this court's decision to the Ohio Supreme Court and sought to stay the appellate court judgment. It also commenced proceedings to execute on the judgment. It transferred the judgment to Cleveland Municipal Court for execution and garnished approximately $104,528.11 of Burton Citgo's funds. The garnished funds included the previously attached funds.

{¶ 7} In light of this court's decision reversing the judgment against it, Burton Citgo moved the trial court pursuant to R.C. 2715.36 for an order discharging the attachment of assets and imposing damages. Under R.C. 2715.36, "[i]f the judgment in an action in attachment is rendered for the defendant, the attachment shall be discharged, and the property attached or its proceeds returned to him." Further, under R.C. 2715.044, when an attachment has issued, "should judgment be issued against the plaintiff, the plaintiff will return the property taken * * * and also pay the damages suffered by the defendant as a result of the taking and detention of * * * the property and the costs of the action."

{¶ 8} In an entry dated September 21, 2009, the trial court denied Burton Citgo's motion for discharge of attachment and damages "at this time," pending action by the Ohio Supreme Court and the Cleveland Municipal Court. Subsequently, after the Ohio Supreme Court denied IPS's motion for a stay and declined jurisdiction to hear IPS's appeal, *Integrated Payment Sys., Inc. v. A & M 87th, Inc.*, 123 Ohio St.3d 1494, 2009-Ohio-6015, 916 N.E.2d 1074, Burton Citgo moved the trial court to reinstate its motion for an order discharging the attachment of assets and imposing damages for the then nearly seven-year attachment. In an entry dated December 4, 2009, the trial court denied Burton Citgo's motion without explanation. Burton Citgo appeals from that judgment.

## II

{¶ 9} In its single assignment of error, Burton Citgo asserts that the trial court erred in not assessing damages arising from IPS's prejudgment attachment of its funds. Burton Citgo concedes that the attached funds were returned to it by the Cleveland Municipal Court, so the only issue on appeal is whether the damages Burton Citgo incurred as a result of the attachment should have been assessed against IPS.

{¶ 10} We first address IPS's argument that this court does not have jurisdiction over Burton Citgo's appeal. Specifically, IPS contends that the

denial of a motion to discharge an attachment is a final, appealable order[1] and, therefore, Burton Citgo had until October 21, 2009, to perfect an appeal of the September 21, 2009 judgment denying its motion. IPS contends that Burton Citgo "attempted to shield" its untimely appeal by reinstating its motion to discharge the attachment and then appealing from the denial of that motion. IPS asserts that Burton Citgo's appeal of the September 21, 2009 order was untimely and, therefore, this court is without jurisdiction to consider the appeal. IPS's argument is specious.

{¶ 11} It is readily apparent that the trial court's September 21, 2009 judgment denying Burton Citgo's motion to discharge the attachment was not final. The order specifically stated that the motion was denied "at this time." It further stated, "Parties are ordered to inform the court of the Ohio Supreme Ct. decision & any action taken by Cleve. Muni. Ct." It specifically was not designated as "final." It is obvious that the trial court's judgment was interlocutory and subject to change depending on whether the Ohio Supreme Court accepted jurisdiction over IPS's appeal and what happened in Cleveland Municipal Court regarding IPS's attempt to execute on its nonexistent judgment against Burton Citgo.

{¶ 12} In light of the trial court's judgment denying its motion "at this time," Burton Citgo properly moved to reinstate its motion after the Ohio Supreme Court again denied IPS's motion for a stay and declined jurisdiction to hear IPS's appeal. The trial court denied the reinstated motion on December 4, 2009, and Burton Citgo timely appealed from that denial. Accordingly, this court has jurisdiction to consider its appeal.

 {¶ 13} We next address IPS's argument that Burton Citgo is not entitled to damages for loss of use of the attached funds because of its "own wholesale failure to act." Specifically, IPS contends that Burton Citgo "never appealed the attachment order," "never once moved for a stay of execution," and "never posted a supersedeas bond." IPS contends that "these procedural rules provided [Burton Citgo] with ample opportunities to prevent the garnishment of the attached funds," but it "never bothered to avail [itself] of such relief." Accordingly, IPS contends that it would be "inequitable" for Burton Citgo to recover damages under such circumstances.

{¶ 14} IPS's argument is without merit. Burton Citgo had no obligation to pursue any other remedies before requesting damages from the trial court under R.C. 2715.044, which states that when judgment is rendered for the defendant, the plaintiff shall pay the damages suffered by the defendant as a result of the

1. *Spier v. Am. Univ. of the Caribbean* (1981), 3 Ohio App.3d 28, 3 OBR 29, 443 N.E.2d 1021.

taking and detention of the property. The statute does not require the defendant to avail himself of any other procedural rules or remedies before seeking damages for the attachment of his property.

{¶ 15} The United States District Court for the Southern District of Ohio addressed a similar contention in *Ray v. City Bank & Trust Co.* (S.D.Ohio 1973), 358 F.Supp. 630. In that case, the plaintiff filed an action for wrongful attachment of his oil-drilling equipment against the bank, which attached the property but then left it unattended in an open field where it was damaged by vandalism and the elements. The plaintiff sought compensatory damages for the destruction of the rig. The bank argued that the plaintiff should not be allowed to recover because he failed to mitigate his damages, either by appearing in the attachment proceeding or by posting a redelivery bond per R.C. 2715.26. The district court rejected this argument, stating:

{¶ 16} "What defendant seems to be arguing is that plaintiff had a duty to elect, of the various remedies available to him, that which was speediest and most convenient to the defendant. The contention seems to us both disingenuous and ironic, as it ignores the fact that one of the remedies proposed may have been beyond the means of the plaintiff and the fact that, had it not been for the defendant's own failure to prosecute the attachment, plaintiff's damages might have been greatly minimized.

{¶ 17} "In addition, the defendant's argument is not in accord with Ohio case law. In *Sammis v. Sly*, 4 O.C.D. 60 (1894), rev'd. on other grounds, 54 Ohio St. 511, 44 N.E. 508 (1896), the Huron Circuit Court held, in its first syllabus, that:

{¶ 18} " '*When the property of A is levied upon by an officer and held under process against B, A may have an election, either to resort to replevin* by which he may claim the property itself in disregard of the levy, *or he may regard it as depriving him of his property, as the conversion of it by the officer, for which he may have his suit for damages.*'

{¶ 19} "Additional support for this theory is provided by *Fortman v. Rottier* [ (1858) ], 8 Ohio St. [548], at 554, wherein the Supreme Court, in sustaining a common law action for wrongful attachment, held that a plaintiff need not, as a condition precedent to such action, involve himself in the merits of the underlying attachment proceeding." (Emphasis sic.) Id. at 643–644.

{¶ 20} Accordingly, Burton Citgo need not have availed itself of any other procedural remedies prior to filing its motion for damages pursuant to R.C. 2715.044.

{¶ 21} Finally reaching the merits of the appeal, we hold that the trial court erred in denying Burton Citgo's motion without holding a hearing to determine the damages, if any, suffered by Burton Citgo as a result of the nearly

seven-year attachment of its bank accounts. R.C. 2715.044 states that the plaintiff "shall" pay the damages suffered by the prevailing defendant as a result of the attachment. Because Burton Citgo is entitled to recover any damages incurred, the trial court erred in denying its motion without first receiving evidence regarding the nature and extent of Burton Citgo's damages. Appellant's assignment of error is therefore sustained.

Judgment reversed
and cause remanded.

GALLAGHER, A.J., and CELEBREZZE, J., concur.