[Cite as *Integrated Payment Sys., Inc. v. A & M, Inc.*, 2012-Ohio-1643.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97191

---

# INTEGRATED PAYMENT SYSTEMS, INC.

PLAINTIFF-APPELLEE

vs.

# A & M, INC., ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## REVERSED AND VACATED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-486841

**BEFORE:** Blackmon, A.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 12, 2012

**ATTORNEY FOR APPELLANTS**

Paul W. Flowers
Paul W. Flowers Co., LPA
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Jerome W. Cook
Glenn D. Southworth
Erin K. Walsh
McDonald Hopkins, LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114-2653

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellants A & M, Inc., d.b.a. A & M Citgo; A & M 87th Inc.; Asad S. Abuhamada; Saad Oil, Inc.; Sofien Saad; Saad Saad; and Cleveland Oil, Inc. (the A & M entities will be collectively referred to as "Burton Citgo") appeal from the trial court's denial of interest as part of Burton Citgo's damages award. Burton Citgo assigns the following two errors for our review:

> **I. The trial judge erred, as a matter of law, by refusing to consider an award of interest as damages under R.C. §2715.044.**
>
> **II. The judgment of the common pleas court is contrary to the manifest weight of the evidence since there was no dispute that defendant-appellant had been damaged by the wrongful attachment of assets.**

{¶2} Having reviewed the record and pertinent law, we reverse and vacate the trial court's judgment and enter judgment in favor of Burton Citgo. The apposite facts follow.

### Facts

{¶3} In November 2002, appellee Integrated Payment Systems, Inc. ("IPS") filed a complaint for the recovery of money against Burton Citgo and other defendants who owned and operated two gas stations. IPS alleged that the defendants issued Western Union money orders but did not pay Western Union as obligated. Attached to IPS's complaint was a motion for an order of attachment without notice of hearing against the

defendants, which the trial court granted. In compliance with the attachment order, Huntington Bank attached funds totaling $59,524.77 from three of Burton Citgo's noninterest bearing accounts.

{¶4} After a bench trial, the trial court entered judgment against all defendants. This court affirmed the trial court's judgment in part and reversed it in part. *Integrated Payment Sys., Inc. v. A & M 87th Inc.,* 8th Dist. Nos. 91454 and 91473, 2009-Ohio-5785. Specifically, we ruled that the trial court should have granted Burton Citgo's motion for directed verdict because Burton Citgo had never been contractually bound to IPS. The contract was with the station's prior owner;  thus, all of IPS's claims against the station were without merit.    Judgment against the remaining defendants was affirmed.

{¶5} IPS appealed this court's decision to the Ohio Supreme Court and sought to stay the appellate court judgment.  It also commenced proceedings to execute on the judgment and transferred the judgment to the Cleveland Municipal Court for execution and garnishment of Burton Citgo's funds, in spite of this court's decision reversing the verdict against Burton Citgo.  In light of its successful appeal, Burton Citgo moved the common pleas court pursuant to R.C. 2715.36 for an order discharging the attachment of assets and imposing damages.

{¶6} The court denied Burton Citgo's motion for discharge due to the pending actions before the Ohio Supreme Court and the Cleveland Municipal Court.  After the Ohio Supreme Court declined to hear the case, Burton Citgo again filed a motion for the

trial court to discharge the attachment of assets and imposing damages for the then nearly seven-year old attachment. The trial court denied Burton Citgo's motion without explanation, and Burton Citgo appealed.

{¶7} This court reversed the trial court's judgment. *Integrated Payment Sys., Inc. v. A & M 87th, Inc.*, 191 Ohio App.3d 559, 2010-Ohio-5785, 947 N.E.2d 179 (8th Dist.). By the time of the appeal, the attached funds had been returned to Burton Citgo by the Cleveland Municipal Court; therefore, the only issue on appeal was whether IPS was liable to Burton Citgo for damages that occurred as a result of the wrongful attachment. We concluded the trial court erred by denying Burton Citgo's claim for damages without first conducting a hearing and remanded the matter for the court to conduct a damages hearing.

{¶8} On remand, the trial court conducted a hearing and again denied Burton Citgo's claim for damages, concluding Burton Citgo did not present sufficient evidence. This judgment is the subject of the instant appeal.

### Failure to Grant Interest

{¶9} We will address Burton Citgo's first and second assigned errors together as they both concern the trial court's failure to award interest as damages for the wrongful attachment of Burton Citgo's money.

{¶10}   R.C. 2715.044 states that the plaintiff "shall" pay the damages suffered by the prevailing defendant as a result of the improper attachment.   IPS contends that statutory interest is not part of the damages to be considered for claims of damages due to an improper attachment and that Burton Citgo had to prove actual damages of financial loss to be entitled to damages.   The trial court agreed with IPS.   In its journal entry, the trial court rationalized that, because there was no evidence that the bank accounts that were attached were interest bearing, Burton Citgo could not recover interest on the attached funds.

{¶11}   The trial court ignored the fact that Burton Citgo was deprived of its rightful use of the funds for seven years.   For Burton Citgo to not be reimbursed for the denial of the use of these funds is inequitable.   IPS's argument that there was no evidence its actions were wrongful because no tort action was pursued by Burton Citgo is irrelevant to whether IPS should be awarded interest.   An award of interest is not to punish IPS's conduct, but to remedy the fact that Burton Citgo was deprived of the use of the funds.

{¶12}   We agree with the First District's opinion in *Koukios v. Marketing Dynamics, Inc.*, 1st Dist. No.   C-950236, 1996 WL 348020 (June 26, 1996).   In *Koukios*, the plaintiff secured judgment and garnished the defendant's bank account for the damages.   The appellate court affirmed the judgment but reduced the amount of the award.   On remand, the trial court concluded that the defendant was entitled to interest

on the amount garnished for costs, but not the amount reduced by the appellate court because the defendant did not seek a stay pending appeal. The trial court then granted interest from the date the defendant filed its motion for release of the funds. Along with holding that the date of the release of the funds was irrelevant, the appellate court ordered interest on the entire amount that was improperly garnished. The *Koukios* court held as follows:

> **The amount erroneously garnished out of [defendant's] bank account would have been certain at the time of the garnishment order even though the amount of [plaintiff's] judgment was later modified on appeal. [Defendant] was denied the use of the money that was improperly garnished from that time. *See*, *Moore*, *supra*, at 416, 629 N.E.2d at 510. The date he filed the motion for the return of funds, which was used as the starting date by the trial court, is irrelevant. Further, the improper garnishment in this case is in the nature of the wrongful attachment, in which part of the measure of damages is the value of the use of the property for the period of attachment, which in this case is the garnishment order. *Ray v. City Bank & Trust Co.* (S.D. Ohio 1973) 358 F. Supp. 630, 643; *Lake Shore Marina, Inc. v. Schubert* (Mar. 23, 194), Lake App. No. 9-219, unreported.**

{¶13}    Thus, the *Koukios* court concluded that the damage consisted of the denial of the use of the money that was improperly garnished. The court then  provided statutory interest at the rate of 10 percent from the date of garnishment as the damages pursuant to R.C. 1343.03(A).

{¶14}   We agree with the logic of *Koukios* and conclude that damages under R.C. 2715.044 include the lost time value of the money. "The purpose of awarding interest as damages is to compensate an aggrieved party for detention of money rightfully due him

–7–

or her, and to afford him or her full indemnification or compensation for the wrongful interference with his or her property rights." 25 Corpus Juris Secundum, Damages, Section 80, at 433 (2002). Thus, it is logical that if money is improperly attached, damages pursuant to R.C. 2715.044 include interest.

{¶15} The damage Burton Citgo suffered was not being able to access the money that rightfully belonged to it for seven years. It does not matter that the money was not held in an interest-bearing account at the time of the attachment because it is the denial of the use of the money that is being remedied. The court in *Lane & Bodley Co. v. Day,* 13 Ohio App. 476, 1921 WL 1290 (1st Dist. 1921), long ago acknowledged that interest is appropriate when money is wrongfully detained:

> **Interest not being limited in all instances to those cases specifically enumerated in the statute, we are of the opinion that the case at bar is within that line of cases holding that interest may be allowed in order to render full compensation for the use and wrongful detention of money.**

{¶16} Thus, we conclude the trial court erred by not awarding Burton Citgo interest on the amount of the attached bank accounts.

{¶17} We do not agree with Burton Citgo, however, that the amount of interest should be 18 percent. The owner's son, Victor, testified to the hardship the business endured in trying to obtain loans to fill the void the attached funds created; however, without proper documentation regarding the extra interest Victor was required to pay to

obtain loans, we cannot impose the 18 percent rate of interest. Instead, we agree with the *Koukious* court that we should apply the statutory rate set forth in R.C. 1343.03(A).

**{¶18}** *Koukious* relied on an earlier version of R.C. 1343.03(A). Instead of providing a 10 percent rate of interest per annum, R.C. 1343.03(A) now provides that the "creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code * * *," which constitutes the interest rates as determined by the Ohio Department of Taxation. At the damages hearing, counsel set forth the rates for the trial court as follows: 2002, seven percent; 2003, six percent; 2004, four percent; 2005, five percent; 2006, six percent; 2007, eight percent; 2009, five percent. Applying these percentages, the interest due is $25,101.51. Accordingly, we reverse and vacate the trial court's judgment and order IPS to pay Burton Citgo $25,101.51 in interest.

**{¶19}** Judgment reversed and vacated; judgment entered in Burton Citgo's favor in the amount of $25,101.51.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
KENNETH A. ROCCO, J., DISSENTS.
(SEE ATTACHED DISSENTING OPINION.)


KENNETH A. ROCCO, J., DISSENTING:

{¶20} The trial court's decision not to award interest damages was not an abuse of discretion, and so I respectfully dissent. First, Citgo incorrectly characterizes the trial court's decision as being that interest damages are precluded under R.C. 2715.044. In its Finding of Facts and Conclusions of Law, the trial court did not determine that an interest award was precluded by the statute; rather, it found that, *in this case*, Citgo failed to supply any evidence substantiating an interest award. Essentially, Citgo argues that R.C. 2715.044 *requires* a court to grant damages in the form of interest. I disagree.

{¶21} Citgo's position is based on *Koukios v. Marketing Dynamics, Inc.*, 1st Dist. No. C-950236, 1996 WL 348020 (June 26, 1996). In *Koukios*, an attachment case, the First District relied on R.C. 1343.03(A) and concluded that the appellant was entitled to interest from the date of garnishment. R.C. 1343.03(A) provides:

> when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum * * *[.]

**{¶22}** It is unclear why the First District relies on this statute because the plain language makes clear that it does not apply in attachment cases. In contrast, numerous other cases hold that R.C. 1343.03(A) applies only where claims are based on written instruments, book accounts, settlement, verbal contracts, or judgments arising out of tortious conduct or a contract or other transaction. *See State ex rel. Mun. Constr. Equip. Operator's Counsel v. Cleveland*, 114 Ohio St.3d 183, 2007-Ohio-3831, 870 N.E.2d 1174, ¶ 71-72 (R.C. 1343.03(A) inapplicable to prevailing wage claim based on City Charter); *N. Olmstead v. Eliza Jennings, Inc.*, 91 Ohio App.3d 173, 185-186, 631 N.E.2d 1130 (8th Dist. 1993) (R.C. 1343.03(A) inapplicable to claim for permit fee arising under City's Codified Ordinances); *Forest Hills Local School Dist. Bd. of Edn. v. Huegel*, 12th Dist. Nos. CA2007-02-026 and CA2007-02-032, 2008-Ohio-2414, ¶ 18 (R.C. 1343.03(A) inapplicable to damages arising by operation of law under R.C. 3327.06).

**{¶23}** Similarly, the damages claim in this case is statutorily based (R.C. 2715.044), and is not based on a written instrument, book account, settlement, verbal contract, or judgment. Accordingly, the *Koukios* case notwithstanding, I disagree that R.C. 1343.03(A) provides a basis to award interest damages here.

**{¶24}** While interest damages may be appropriate under R.C. 2715.044 in some circumstances, the trial court did not abuse its discretion in finding that they were not warranted in this case. The trial court found that the only evidence presented on damages was one witness's testimony: the Citgo owner's son, Victor Muntaser.

Muntaser testified generally that Citgo was injured by the attachment, but provided no specific dollar amounts or any other quantitative information that would allow a court to calculate any kind of damages, including interest damages. Further, the trial court was in the best position to weigh the credibility of Muntaser's testimony. Citgo offered no documentary evidence whatsoever. There is no automatic right to interest damages under R.C. 2715.044, and under the specific circumstances of this case, the trial court did not abuse its discretion in determining that Citgo failed to prove damages.

{¶25} Finally, Citgo repeatedly refers to this case as one involving a "wrongful attachment," but no court in the course of this litigation has weighed in on whether this case involves a "wrongful attachment." A "wrongful attachment" is a common law tort that is "an offshoot of malicious prosecution or abuse of process." *Columbus Fin., Inc. v. Howard*, 42 Ohio St.2d 178, 182, 327 N.E.2d 654 (1975), fn. 1. Citgo never filed a claim against IPS for "wrongful attachment," and, thus, no court in this litigation has had cause to analyze whether this was a "wrongful attachment." The instant appeal is based on the trial court's determination of damages, not on whether there was a "wrongful attachment." Because the trial court's ruling on damages was not an abuse of discretion, I would affirm.